IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, | § | Case No. 16-50557 |
| | § | |
| Debtor. | § | |
| In re: | § | Chapter 11 |
| | § | |
| HOMETOWN BUFFET, INC., | § | Case No. 16-50558 |
| | § | |
| Debtor. | § | |
| In re: | § | Chapter 11 |
| | § | |
| OCB RESTAURANT COMPANY, LLC, | § | Case No. 16-50559 |
| | § | |
| Debtor. | § | |
| In re: | § | Chapter 11 |
| | § | |
| OCB PURCHASING, CO., | § | Case No. 16-50561 |
| | § | |
| Debtor. | § | |
| In re: | § | Chapter 11 |
| | § | |
| RYAN'S RESTAURANT GROUP, LLC, | § | Case No. 16-50562 |
| | § | |
| Debtor. | § | |
| In re: | § | Chapter 11 |
| | § | |
| FIRE MOUNTAIN RESTAURANTS, LLC, | § | Case No. 16-50563 |
| | § | |
| Debtor. | § | |
| In re: | § | Chapter 11 |
| | § | |
| TAHOE JOE'S, INC., | § | Case No. 16-50564 |
| | § | |
| Debtor. | § | (Joint Administration Pending) |

**DEBTORS' EMERGENCY MOTION
FOR ORDER AUTHORIZING JOINT ADMINISTRATION
PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015**

The debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court

for entry of an order substantially in the form attached hereto as Exhibit A (the "Order") pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015 of the Local Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules"), authorizing the Debtors to jointly administer their chapter 11 cases. In support of this motion (the "Motion"), the Debtors rely upon the *Declaration of Peter Donbavand in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[1] filed contemporaneously herewith and incorporated herein by reference, and respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, along with Bankruptcy Rule 1015 and Rule 1015 of the Local Rules.

## BACKGROUND

2. On March 7, 2016 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

3. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in these cases.

4. The Debtors are some of the largest operators of buffet-style restaurants in the United States with approximately 150 stores operating in more than 25 states. The Debtors'

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

concepts include five buffet restaurant chains and a full service steakhouse. The Debtors' buffet restaurants principally operate under the names Old Country Buffet®, Country Buffet®, HomeTown® Buffet, Ryan's® and Fire Mountain®. These locations primarily offer self-service buffets with entrees, sides, and desserts for an all-inclusive price. In addition, the Debtors own and operate a 10-unit full service, casual dining chain under the name Tahoe Joe's Famous Steakhouse®.

5. On August 19, 2015, Alamo Ovation, LLC acquired Buffets Restaurants Holdings, Inc. (the "Merger"). Under the Merger, Alamo Ovation Acquisition, Inc., an acquisition subsidiary of Alamo Ovation, LLC, merged with and into Buffets Restaurants Holdings, Inc. with Buffets Restaurants Holdings, Inc. remaining as the surviving corporation. As a result of the Merger, Buffets Restaurants Holdings, Inc. became a wholly owned subsidiary of Alamo Ovation, LLC, a Texas limited liability company.

6. Buffets Restaurants Holdings, Inc., is a holding company that wholly owns Buffets Holdings, LLC f/k/a Buffets Holdings, Inc., a Delaware limited liability company, which in turn wholly owns Buffets, LLC f/k/a Buffets, Inc. ("Buffets"), a Minnesota limited liability company, which both operates restaurants directly and is the sole parent of several other restaurant operating companies in the Debtor group.

7. Buffets is the direct parent of the following Debtors: Hometown Buffet, Inc.; OCB Restaurant Company, LLC; OCB Purchasing Co.; and Ryan's Restaurant Group, LLC (collectively, the "Direct Buffets Subsidiaries"), through which various restaurants and restaurant functions are operated. The other Debtors, Tahoe Joe's, Inc. and Fire Mountain Restaurants, LLC, are indirectly owned by Buffets through one of the Direct Buffets Subsidiaries. The Debtors' corporate headquarters are located in Hollywood Park, Texas.

8.   Immediately following the Merger, the Debtors operated over 300 restaurants in 35 states which included the five buffet brands: Ryan's®, HomeTown® Buffet, Old Country Buffet®, Country Buffet®, and Fire® Mountain and the one full service, casual dining brand, Tahoe Joe's® Famous Steakhouse.

9.   The Debtors' business operations are, and have been, managed by FMP SA Management Group, LLC ("FMP") pursuant to a management agreement. FMP, a privately held company based in Hollywood Park, Texas, is a multi-concept developer and operator of independent restaurant chains. FMP provides operational oversight and all professional and administrative services for the Debtors. In return for the services provided, FMP receives reimbursement of allocated costs and expenses and a management fee. A separate entity, FMP Ovation Payroll, LLC ("FMP Ovation"), provides employment and wage related services for the Debtors.

10.  Since the Merger, certain events have occurred that were the genesis for the filing of these Chapter 11 cases. In October 2015, an $11.37 million judgment against Buffets, LLC (formerly known as Buffets, Inc., which was the named defendant although not the entity actually operating the restaurant where the alleged incident occurred) was awarded to plaintiffs in a 2014 court case for an incident dating back to 2010. No answer to such lawsuit was timely filed by prior management, which apparently overlooked it after initially receiving the service of process and such lawsuit was not disclosed by the previous management and ownership group in the course of 2015 negotiations leading to the recent Merger and change of control. Buffets, LLC is also attempting to overturn such judgment on the basis of the wrong defendant entity having been sued and other grounds.

11. Although at the time of the Merger, Buffets Restaurants Holdings, Inc. represented adequate positive cash flow for the operating entities, the financial results since the Merger have been far less than expected. For example, sales were down twenty-two percent (22%) from the seller's projections. This decline in the Debtors' cash flow performance combined with unanticipated expenses has caused a severe liquidity strain. Despite the Debtors' best efforts, the Debtors have fallen behind on their obligations to creditors.

12. As of the Petition Date, Buffets is the primary obligor on several term notes the approximate principal amounts of which total in the aggregate $46,168,000 (the "Loans"). Buffets pledged all of its assets as collateral to secure the Loans. The Loans are guaranteed by each of the Debtors as well as the following non-debtors: Alamo Ovation, LLC, Buffet Restaurants Holdings, Inc. and Buffets Holdings, LLC. In addition, the Debtors have unsecured debt in an aggregate amount exceeding $60 million which includes over $18 million in ordinary course trade debt and rent that was unpaid as of the Petition Date.

13. Due to the numerous underperforming restaurants, the Debtors closed and vacated 74 stores several weeks prior to the Petition Date and closed another 92 stores immediately preceding the bankruptcy filing which the Debtors will vacate within the next 7-10 days.

14. As of the Petition Date, the Debtors continue to operate approximately 150 restaurants in over 25 states including Texas, California, Minnesota, Wisconsin, Michigan, Illinois, Colorado, Missouri, New York, New Jersey, Pennsylvania, Maine, Tennessee, Indiana, Washington, Oregon, Delaware, South Carolina, Louisiana, West Virginia, Ohio, Kentucky, North Carolina, Tennessee and Mississippi.

15. The Debtors have diligently evaluated, in consultation with their professionals, a number of options to address the Debtors' current financial issues. These efforts have included

retaining a Chief Restructuring Officer, Bill Patterson of Bridgepoint Consulting, LLC, for the Debtors with the goal of consensually restructuring the Debtors' restaurant footprint and balance sheet.

16. The Debtors have commenced these cases in order to fully implement their restructuring efforts and to deal with both legacy costs and those liabilities resulting from the store closures. The Debtors believe that once they shed themselves of the burdens associated with the Wyoming litigation and the unprofitable stores, they can focus their efforts on their successful stores which will provide sufficient cash to fund the Debtors' ordinary course expenses and enable the Debtors to become a profitable enterprise.

17. Additional details regarding the Debtors' business, assets, capital structure, and the circumstances leading to the filing of this Chapter 11 Case are set forth in the First Day Declaration filed contemporaneously herewith and incorporated herein by reference as though set forth in full.

## **RELIEF REQUESTED**

18. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015, directing the joint administration of the Chapter 11 Cases for procedural purposes only.

19. Many of the motions, applications, hearings and orders that will arise in these chapter 11 cases will jointly affect each Debtor. For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors and other parties in interest would be best served by the joint administration of these Chapter 11 Cases. In order to optimally and economically administer the Chapter 11 Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Buffets, LLC.

20. The Debtors also request that the Clerk of the Court maintain one file and one docket for the Chapter 11 Cases, which file and docket shall be the file and docket for Buffets, LLC.

21. The Debtors further request that the caption of the Chapter 11 Cases be modified as follows to reflect their joint administration:

IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE WESTERN DISTRICT OF TEXAS<br>SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CHAPTER 11 |
| BUFFETS, LLC, *et al.* | § | |
| | § | CASE NO. 16-50557 |
| Debtors. | § | |
| | § | Jointly Administered |

22. In addition, the Debtors seek the Court's direction that a separate docket entry be made on the docket of each of the other Debtors' chapter 11 cases, substantially as follows:

> An order has been entered in this case directing the joint administration for procedural purposes only of the chapter 11 cases of Buffets, LLC, Hometown Buffet, Inc., OCB Restaurant Company, LLC, OCB Purchasing, Co., Ryan's Restaurant Group, LLC, Fire Mountain Restaurants, LLC, Tahoe Joe's, Inc. and all subsequently filed chapter 11 cases of such debtors' affiliates. The docket in the chapter 11 case of Buffets, LLC, Case No. 16-50557 (____) should be consulted for all matters affecting this case.

### **BASIS FOR RELIEF REQUESTED**

23. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the Court may order a joint administration of the estates." FED. R. BANKR. P. 1015(b). In this case, all of the Debtors are "affiliates" of Buffets, LLC as that term is defined in section 101(2) of the Bankruptcy Code, and accordingly, this Court has the authority to grant the relief requested herein.

{37670051;2}                                  7

24. Additionally, the joint administration of the Debtors' respective estates will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases.

25. The joint administration of these chapter 11 cases will also permit the Clerk of the Court to utilize a single docket for all the Chapter 11 Cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. In addition, there will likely be numerous motions, applications, and other pleadings filed in these Chapter 11 Cases that will affect most or all of the Debtors. Joint administration will permit counsel for all parties in interest to include the Chapter 11 Cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in each of the Chapter 11 Cases to stay apprised of all the various matters before the Court.

26. Joint administration of these Chapter 11 Cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Because these Chapter 11 Cases involve seven (7) Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee.

27. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

**EMERGENCY CONSIDERATION**

28. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid

immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

29.     Notice of this Motion has been provided to the Office of the United States Trustee and the Debtors' thirty (30) largest unsecured creditors on a consolidated basis. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the requested relief and such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: March 7, 2016 | Respectfully submitted, |
| | AKERMAN LLP |
| | /s/ John E. Mitchell |
| | David W. Parham, SBN: 15459500 |
| | John E. Mitchell, SBN: 00797095 |
| | 2001 Ross Avenue, Suite 2550 |
| | Dallas, TX 75201 |
| | Telephone: (214) 720-4300 |
| | Facsimile: (214) 981-9339 |
| | david.parham@akerman.com |
| | john.mitchell@akerman.com |
| | and |
| | Andrea Hartley (*Pro Hac Vice* Pending) |
| | Florida Bar No. 864234 |
| | Esther A. McKean (*Pro Hac Vice* Pending) |
| | Florida Bar No. 28124 |
| | Amy M. Leitch (*Pro Hac Vice* Pending) |
| | Florida Bar No. 90112 |
| | Three Brickell City Centre |
| | 98 Southeast Seventh Street |
| | Miami, FL 33131 |
| | Telephone: (305) 374-5600 |
| | Facsimile: (305) 374-5095 |
| | andrea.hartley@akerman.com |
| | esther.mckean@akerman.com |
| | amy.leitch@akerman.com |
| | PROPOSED COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION |