IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-50557 |
| | § | |
| Debtors. | § | (Joint Administration Pending) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
LIST OF THE 30 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING
THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION FOR INDIVIDUAL CREDITORS, AND (III) APPROVING
THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE
COMMENCEMENT OF THE CHAPTER 11 CASES AND OTHER INFORMATION**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion").

**Jurisdiction, Venue, and Procedural Background**

1. The United States Bankruptcy Court for the Western District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 107(b), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.

circumstances surrounding these chapter 11 cases is set forth in the *Declaration of Peter Donbavand in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion.

5. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of this Motion, the Office of the United States Trustee has not appointed an official committee of unsecured creditors.

### Relief Requested

6. The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "Order") (a) authorizing the Debtors to file a consolidated list of the 30 largest general unsecured creditors in lieu of submitting separate creditor lists for each Debtor, (b) authorizing the Debtors to redact certain personal identification information for individual creditors, and (c) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

**I.       Consolidated List of 30 Largest General Unsecured Creditors.**

7. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file

consolidated schedules of assets and liabilities and statements of financial affairs or substantively consolidate the Debtors.[2]

## II. Redaction of Certain Confidential Information.

8. Section 107(b) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A). The Debtors respectfully submit that cause exists to authorize the Debtors to redact the address information of individual creditors — many of whom are the Debtors' employees from the Creditor Matrix because such information could be used to perpetrate identity theft. The Debtors propose to provide an un-redacted version of the Creditor Matrix to the Court, the Office of the United States Trustee for the Western District of Texas (the "U.S. Trustee"), and any official committee of unsecured creditors appointed in these Chapter 11 Cases.

## III. Service of the Notice of Commencement.

9. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code . . . ." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. Fed. R. Bankr. P. 2002(f).

---

[2] Pursuant the *Debtors' Emergency Motion for Entry of an Order Granting an (I) Extension of Time to File its Schedules and Statements (II) Extending the Time to Schedule the Meeting of Creditors (III) Allowing Debtors' Schedules and Statements to Reflect Assets and Liabilities as of March 2, 2016 and (IV) Related Relief*, filed contemporaneously herewith, the Debtors are requesting an extension of the time within which they must file their respective schedules and statements.

{37695043;1} 3

10. Through Donlin, Recano & Company, the Debtors' proposed noticing and claims agent (the "Noticing and Claims Agent"), the Debtors propose to serve the Notice of Commencement, substantially in the form attached as Exhibit 1 to Exhibit A hereto (the "Notice of Commencement"), on all parties entitled to notice of commencement of the Cases to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the single Notice of Commencement will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous creditor matrix. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

**Emergency Consideration**

11. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

**Notice**

12. The Debtors will provide notice of this Motion to the following parties or their respective counsel (if known): (a) the Office of the United States Trustee for the Western District

of Texas; (b) the holders of the 30 largest consolidated unsecured claims against the Debtors (on a consolidated basis); and (c) the United States Attorney's Office for the Western District of Texas. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

13. No prior request for the relief sought in this Motion has been made to this or any other court.

### Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: March 7, 2016

Respectfully submitted,

AKERMAN LLP

  /s/ David W. Parham
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
2001 Ross Avenue, Suite 2550
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com

and

Andrea Hartley (*Pro Hac Vice* Pending)
Florida Bar No. 864234
Esther A. McKean (*Pro Hac Vice* Pending)
Florida Bar No. 28124
Amy M. Leitch (*Pro Hac Vice* Pending)
Florida Bar No. 90112
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION