IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

In re:                                                  Chapter 11

BUFFETS, LLC,                          Case No. 16-50557-rbk

                                                             (Joint Administration Pending)

**ATTORNEY CHECKLIST CONCERNING MOTIONS AND ORDERS
PERTAINING TO USE OF CASH COLLATERAL AND POST-PETITION
FINANCING (WHICH ARE IN EXCESS OF TEN (10) PAGES)**

      Motions and orders pertaining to cash collateral and post-petition financing matters tend to be lengthy and complicated. Although the Court intends to read such motions and orders carefully, it will assist the Court if counsel will complete and file this checklist. All references are to the Bankruptcy Code (§) or Rules (R).

PLEASE NOTE:

      "*"      Means generally not favored by Bankruptcy Courts in this District.

      "**"     Means generally not favored by Bankruptcy Courts in this District without a reason and a time period for objections.

      If your motion or order makes provision for any of the following, so indicate in the space provided:

**CERTIFICATE BY COUNSEL**

      This is to certify that the following checklist fully responds to the Court's inquiry concerning material terms of the motion and/or proposed order:

Yes, at Page/Exhibit  
Y means yes; N means no  
N/A means not applicable  
(Page Listing Optional)

1. **Identification of Proceeding**:

    (a) Preliminary or final motion/order ................................................................. Preliminary

    (b) Continuing use of cash collateral (§ 363) .................................................... Interim Order
    (c) New financing (§ 364) ................................................................................ Interim Order
    (d) Combination of §§ 363 and 364 financing ................................................................ Y
    (e) Emergency hearing (immediate and irreparable harm) ........................................ Motion

2. **Stipulations**:

    (a) Brief history of debtor's businesses and
        status of debtor's prior relationships with lender .............................................. Motion
    (b) Brief statement of purpose and necessity of financing ...................................... Motion
    (c) Brief statement of type of financing
        (i.e., accounts receivable, inventory) ................................................................ Motion
    (d) Are lender's pre-petition security interest(s)
        and liens deemed valid, fully perfected and
        non-avoidable ............................................................................................................ N
        (i) Are there provisions to allow for objections to above? ............................... N/A
    (e) Is there a post-petition financing agreement
        between lender and debtor? ..................................................................................... Y
        (i) If so, is agreement attached? ............................................................................. Y
           (or will be provided prior to the hearing)
    (f) If there is an agreement, are lender's post-petition
        security interests and liens deemed valid, fully
        perfected and non-avoidable? ..................................................... Y (post-petition only)
    (g) Is lender ~~undersecured~~ or **oversecured**? ..................................... (post petition lender)
        (circle one)
    (h) Has lender's non-cash collateral been appraised? ..................................................... N
        (i) Insert date of latest appraisal ........................................................................... N/A
    (i) Is debtor's proposed budget attached? ........................................................................ Y
    (j) Are all pre-petition loan documents identified? ........................................................ N
    (k) Are pre-petition liens on single or multiple
        assets? (circle one) ............................................................................................. Multiple
    (l) Are there pre-petition guaranties of debt? ................................................................... Y
        (i) Limited or unlimited? (circle one) ............................................................ Unlimited

3. **Grant of Liens**.

    (a) Do post-petition liens secure pre-petition debts? ...................................................... N
    (b) Is there cross-collateralization? ................................................................................. Y
    (c) Is the priority of post-petition liens ~~equal to~~ or **higher than**
        existing liens? ............................................................................................. Interim Order

Yes, at Page/Exhibit  
Y means yes; N means no  
N/A means not applicable  
(Page Listing Optional)

(d) Do post-petition liens have retroactive effect?............................................................. N
(e) Are there restrictions on granting further liens or
   liens of equal or higher priority?.......................................................................... Y
(f) Is lender given liens on claims under
   §§ 506(c), 544-50 and 522? ................................................................................. N
   (i) Are lender's attorneys fees to be paid? ....................................................... Y
   (ii) Are debtor's attorneys' fees excepted from §506(c)?..................................... N
(g) Is lender given liens upon proceeds of causes of
   action under §§ 544, 547 and 548? ....................................................................... N

4. **Administrative Priority Claims**:

   (a) Is lender given an administrative priority? ………………….................................Y
   (b) Is administrative priority higher than § 507(a)?....................................................... Y
   (c) Is there a conversion of pre-petition secured claim
      to post-petition administrative claim by virtue of
      use of existing collateral .................................................................................... N

5. **Adequate Protection (§ 361)**:

   (a) Is there post-petition debt service? ............................................................... Y
   (b) Is there a replacement/additional 361(1) lien?
      (circle one or both) ...................................................................................... N
   ** (c) Is the lender's claim given super-priority? ................................................... Y
      (§ 364(c) or (d)) [designate]........................................................................Both
   (d) Are there guaranties? ..................................................... N (but all Debtors are liable)
   (e) Is there adequate insurance coverage? ............................................................. Y
   (f) Other .....................................................................................................................

6. **Waiver/Release Claims v. Lender**.

   ** (a) Debtor waives or release claims against lender, including,
         but not limited to, claims under §§ 506(c), 544-550, 552,
         and 553 of the Code? .................................................................................... N
   ** (b) Does the debtor waive defenses to claim or liens
         of lender? .................................................................................................... N

7. **Source of Post-Petition Financing (§ 364 Financing)**:

   (a) Is the proposed lender also the pre-petition lender?........................... Y (one of several)
   (b) New post-petition lender? ............................................................................ N
   (c) Is the lender an insider? ................................................................................ Y

8. **Modification of Stay**:

<u>Yes, at Page/Exhibit</u>
Y means yes; N means no
N/A means not applicable
(Page Listing Optional)

** (a) Is any modified lift of stay allowed? ......................................................................<u>N</u>
** (b) Will the automatic stay be lifted to permit lender to
exercise self-help upon default without further order?............................................<u>N</u>
(c) Are there any other remedies exercisable without
further order of court? ............................................................................................<u>N</u>
(d) Is there a provision that any future modification of order shall
not affect status of debtor's post-petition obligations
to lender?................................................................................................................<u>Y</u>

9. **Creditors' Committee**:

(a) Has creditors' committee been appointed? .................................................................<u>N</u>
(b) Does creditors' committee approve of proposed
financing?.................................................................................................<u>N/A</u>

10. **Restrictions on Parties in Interest**

** (a) Is a plan proponent restricted in any manner, concerning
modification of lender's rights, liens and/or causes? ................................................<u>N</u>
** (b) Is the debtor prohibited from seeking to enjoin the
lender in pursuit of rights?.......................................................................................<u>N</u>
** (c) Is any party in interest prohibited from seeking to
modify this order? ........................................................................……………<u>N</u>
(d) Is the entry of any order conditioned upon payment
of debt to lender? .....................................................................................................<u>N</u>
(e) Is the order binding on subsequent trustee on
conversion? .............................................................................................................<u>Y</u>

11. **Nunc Pro Tunc**

** (a) Does any provision have retroactive effect? ...............................................................<u>N</u>

12. **Notice and Other Procedures**.

(a) Is shortened notice requested?.....................................................................................<u>Y</u>
(b) Is notice requested to shortened list?...........................................................................<u>Y</u>
(c) Is time to respond to be shortened? ............................................................................<u>Y</u>
(d) If final order sought, have 15 days elapsed since service
of motion pursuant to Rule 4001(b)(2)? ...............................................................<u>N/A</u>
(e) If preliminary order sought, is cash collateral necessary
to avoid immediate and irreparable harm to the estate
pending a final hearing?..........................................................................................<u>Y</u>
(f) Is a Certificate of Conference included?.....................................................................<u>N</u>
(g) Is a Certificate of Service included? ..........................................................................<u>Y</u>
(h) Is there verification of transmittal to U.S. Trustee

{37710436;1}
Attorney Checklist for DIP Lender, Alamo CRG, LLC

Yes, at Page/Exhibit
Y means yes; N means no
N/A means not applicable
(Page Listing Optional)

    included pursuant to Rule 9034?................................................In Cert of Service
 (i)  Has an agreement been reached subsequent to filing
    motion? ........................................................................................................N

  (i)  If so, has notice of the agreement been served
      pursuant to Rule 4001(d)(1)?.................................................N/A
  (ii)  Is the agreement in settlement of motion
      pursuant to Rule 4001(d)(4)? ................................................N/A
  (iii)  Does the motion afford reasonable notice of
      material provisions of agreement pursuant to
      Rule 4001(d)(4)?....................................................................N/A
  (iv)  Does the motion provide for opportunity for
      hearing pursuant to Rule 9014? ............................................N/A

Dated: March 8, 2016                   Respectfully submitted,
                                          AKERMAN LLP

                                          /s/ David W. Parham
                                       David W. Parham, SBN: 15459500
                                       John E. Mitchell, SBN: 00797095
                                       2001 Ross Avenue, Suite 2550
                                       Dallas, TX  75201
                                       Telephone:   (214) 720-4300
                                       Facsimile:   (214) 981-9339
                                       david.parham@akerman.com
                                       john.mitchell@akerman.com
                                              and
                                       Andrea Hartley (*Pro Hac Vice* Pending)
                                       Florida Bar No. 864234
                                       Esther A. McKean (*Pro Hac Vice* Pending)
                                       Florida Bar No. 28124
                                       Amy M. Leitch (*Pro Hac Vice* Pending)
                                       Florida Bar No. 90112
                                       Three Brickell City Centre
                                       98 Southeast Seventh Street
                                       Miami, FL 33131
                                       Telephone:   (305) 374-5600
                                       Facsimile:   (305) 374-5095
                                       andrea.hartley@akerman.com
                                       esther.mckean@akerman.com
                                       amy.leitch@akerman.com

                                       PROPOSED COUNSEL FOR DEBTORS
                                       AND DEBTORS-IN-POSSESSION