

The relief described hereinbelow is SO ORDERED.

Signed March 08, 2016.

_____
Ronald B. King
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-0557-rbk |
| | § | |
| Debtors. | § | (Joint Administration Pending) |

**ORDER (I) AUTHORIZING,
BUT NOT DIRECTING, DEBTORS TO PAY TAXES AND
FEES, (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO
HONOR AND PROCESS ALL RELATED CHECKS AND ELECTRONIC
PAYMENT REQUESTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Buffets, LLC, *et al.* (collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned Chapter 11 Cases (the "Chapter 11

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's, Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.
[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion or the First Day Declaration, as applicable.

{37679844;2}

Cases"), for entry of an Order, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors to pay any unpaid Taxes and Fees, (ii) authorizing banks and financial institutions to honor and process all checks and electronic payment requests relating to the foregoing, and (iii) granting such other further relief as requested in the Motion or as the Court otherwise deems necessary or appropriate; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in the Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having heard the statements in support of the relief requested in the Motion at the first-day hearing (the "Hearing") and any further hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration, at the Hearing and any further hearing on the Motion establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interests of the Debtor's estate, creditors, and other parties-in-interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion and to the extent they deem necessary, to pay any Taxes and Fees that (a) arose prior to the Petition Date, or (b) become due and payable subsequent to the Petition Date.

3. The Debtors are authorized, but not directed, in their sole discretion, to pay any amounts to satisfy any disputed obligations assessed against the Debtors as a result of any audit.

4. All applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all prepetition wire transfer requests, checks drawn, drafts issued, and electronic funds transfers by the Debtors and related to the payment of Taxes and Fees, or any other of the Debtors' obligations approved herein, whether prior to or after the Petition Date.

5. The Debtors are authorized to issue new post-petition checks or effect new electronic fund transfers on account of the Taxes or Fees, and to replace any prepetition checks or electronic fund transfer requests that may have been dishonored or rejected as a result of the commencement of the Chapter 11 Cases, regardless of whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date; provided, however, that (a) funds are available in the Debtors' accounts to cover the checks and fund transfer and (b) all the banks and other financial institutions are authorized to rely on the Debtors' designation of any particular check as approved by this Order.

6. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be construed as (a) an admission or concession by the Debtors or any other party-in-interest as to the extent, validity, or perfection of any liens (contractual, common law, statutory, or otherwise) asserted on account of unpaid Taxes and/or Fees, nor (b) as a waiver or impairment of the Debtors' right to contest the extent, validity, or perfection of such liens or to seek the avoidance of all such liens.

7. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory

{37679844;2} 3

contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

8. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity of any claim on any grounds, (b) a waiver or impairment of the Debtors' rights to dispute any claims on any grounds, (c) a promise by the Debtors to pay any claim, or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order. Nothing herein shall acknowledge, grant, or otherwise permit any right of offset or recoupment by a non-debtor with respect to any claim asserted against the Debtors.

9. All applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all prepetition wire transfer requests, checks drawn, drafts issued, and electronic funds transfers by the Debtors and related to the payment of Taxes and Fees, or any of the Debtors' obligations approved herein, whether prior to or after the Petition Date.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are hereby waived.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

# # #

PREPARED AND SUBMITTED BY:

David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com

and

Andrea S. Hartley (*Pro Hac Vice* Pending)
Florida Bar No. 864234
Esther A. McKean (*Pro Hac Vice* Pending)
Florida Bar No. 28124
Amy M. Leitch (*Pro Hac Vice* Pending)
Florida Bar No. 90112
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION