

The relief described hereinbelow is SO ORDERED.

Signed March 08, 2016.

_____
Ronald B. King
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-50557-RBK |
| | § | |
| Debtors. | § | (Joint Administration Pending) |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF DONLIN, RECANO & COMPANY, INC. AS CLAIMS AND NOTICING AGENT UNDER 28 U.S.C. § 156(c) AND 11 U.S.C. § 105(a) *NUNC PRO TUNC* TO THE PETITION DATE AND GRANTING RELATED RELIEF**

Upon the application (the "Application") of Buffets, LLC, Hometown Buffet, Inc., OCB Restaurant Company, LLC, OCB Purchasing, Co., Ryan's Restaurant Group, LLC, Fire Mountain Restaurants, LLC and Tahoe Joe's Inc., Debtors and Debtors in possession (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's, Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.

{37697036;1}   2

"Debtors"), for an order authorizing the retention and appointment of Donlin, Recano & Company, Inc. ("Donlin Recano") as Claims and Noticing Agent, under 28 U.S.C. §156(c) and Section 105(a) of the Bankruptcy Code[2] to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases, and (iii) provide such other administrative services – as required by the Debtors – that would fall within the purview of services to be provided by the Clerk's Office and upon the declaration of Roland Tomforde submitted in support of the Application; and the Debtors having estimated that there are in excess of 20,000 creditors and parties-in-interest to be noticed in these chapter 11 cases, many of which are expected to file proofs of claims, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Donlin Recano has the capability and experience to provide such services and that Donlin Recano does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Donlin Recano is in the best interests of the Debtors, the estates and creditors; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

{37697036;1} 3

2. The Debtors are authorized to retain Donlin Recano effective as of the Petition Date under the terms of the Engagement Agreement, and Donlin Recano is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application (the "Claims and Noticing Services").

3. Donlin Recano shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Donlin Recano is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. Donlin Recano is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Donlin Recano in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Donlin Recano and the rates charged for each, and to reimburse Donlin Recano for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Donlin Recano to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Donlin Recano shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official

committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Donlin Recano under this Order shall be an administrative expense of the Debtors' estates.

10. Donlin Recano may apply its retainer to all pre-petition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, Donlin Recano may hold its retainer under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses under the Engagement Agreement.

11. In the event that Donlin Recano seeks indemnification in connection with the indemnification provisions contained in the Engagement Agreement, Donlin Recano shall be required to seek approval from the Bankruptcy Court before any indemnification fees may be paid in connection with Donlin Recano's retention in these chapter 11 cases.

12. In the event Donlin Recano is unable to provide the services set out in this order, Donlin Recano will immediately notify the Clerk and Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorney.

13. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Donlin Recano that is not specifically authorized by this Order.

14. The Debtors and Donlin Recano are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

16. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

# # #

PREPARED AND SUBMITTED BY:

David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, TX  75201
Telephone:    (214) 720-4300
Facsimile:     (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com

and

Andrea Hartley (*Pro Hac Vice* Pending)
Florida Bar No. 864234
Esther A. McKean (*Pro Hac Vice* Pending)
Florida Bar No. 28124
Amy M. Leitch (*Pro Hac Vice* Pending)
Florida Bar No. 90112
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone:    (305) 374-5600
Facsimile:     (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION