

The relief described hereinbelow is SO ORDERED.

Signed March 08, 2016.

_____
Ronald B. King
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-50557-RBK |
| | § | |
| Debtors. | § | (Joint Administration Pending) |

**ORDER AUTHORIZING DEBTORS TO
(A) CONTINUE CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF
BUSINESS AND (B) OTHERWISE HONOR PRE-PETITION
OBLIGATIONS RELATED THERETO**

Upon the motion (the "Motion")[2] of Buffets, LLC, *et al* (the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an order (this "Order") pursuant to Bankruptcy Code sections 105(a) and 363, authorizing, but not directing, the Debtors to (a) maintain and administer certain Customer Programs and (b) honor all pre-petition obligations earned by and owing to its customers related thereto in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's, Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion or the First Day Declaration, as applicable.

{37674410;3}

ordinary course of business and in a manner consistent with past practice; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the First Day Declaration and the record of all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to Bankruptcy Code sections 105(a) and 363 to continue, renew, replace, implement, modify and/or terminate the Customer Programs as they deem appropriate, in the ordinary course of business and without further order of the Court.

3. The Debtors are authorized, but not directed, in their business judgment, to honor all pre-petition obligations relating to the Customer Programs in the ordinary course of business and post-petition obligations relating to the Customer Programs in the ordinary course of business.

4. The banks and financial institutions on which any checks were drawn or electronic payment requests were made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and

electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Court.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this order shall constitute an admission as to the validity or priority of any claim against the Debtors, the creation of an administrative priority claim on account of the pre-petition obligations sought to be honored, or the assumption or adoption of any contract or agreement under Bankruptcy Code section 365.

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

10. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.

###

PREPARED AND SUBMITTED BY:

David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com

and

Andrea S. Hartley (*Pro Hac Vice* Pending)
Florida Bar No. 864234
Esther A. McKean (*Pro Hac Vice* Pending)
Florida Bar No. 28124
Amy M. Leitch (*Pro Hac Vice* Pending)
Florida Bar No. 90112
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION