The relief described hereinbelow is SO ORDERED.

Signed March 09, 2016.



_____
Ronald B. King
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-50557-RBK |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER (I) AUTHORIZING DEBTORS TO (A) PAY PRE-PETITION WAGES AND OTHER COMPENSATION, AND EMPLOYEE BENEFITS, AND (B) CONTINUE EXISTING EMPLOYEE BENEFIT PLANS AND PROGRAMS, (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS, (III) APPROVING THE DEBTORS' DISCRETIONARY EMPLOYEE INCENTIVE PROGRAMS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Buffets, LLC, *et. al*, debtors and debtors-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Cases"), for entry of an order

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's, Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.

{37703164;2}

(this "Order") pursuant to sections 105, 363, and 507 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 2015-2, (i) authorizing the Debtors, in their sole discretion, to (a) pay pre-petition and post-petition amounts relating to the Employee Obligations, and (b) continue existing Employee Benefit Programs, (ii) authorizing banks and other financial institutions to receive, process, honor, and pay all checks and electronic payment requests relating to the foregoing, (iii) scheduling a hearing date to be held within three weeks of the Petition Date to consider approval of the Discretionary Employee Incentive Programs, and (iv) granting such other and further relief as requested in the Motion or as the Court otherwise deems necessary or appropriate; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration, and the Court having heard the statements in support of the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion or the First Day Declaration, as applicable.

{37703164;2}  2

proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, in a reasonable exercise of its business judgment, to pay, satisfy or continue to satisfy the Employee Obligations to the extent described in the Motion, in accordance with the Debtors' pre-petition policies and practices. The Debtors shall not pay any amounts set forth in this paragraph over the Statutory Cap of $12,475.00 to any individual Employee on account of such Employee's pre-petition Employee Obligations, not including Reimbursable Expenses. Additionally, the Debtors shall provide to the United States Trustee, in a reasonable timeframe, but as soon as practicable, a list of all payments made, by payee and amount, pursuant to this Order and Paragraph.

3. The Debtors are authorized, in its sole discretion, to continue to honor the Employee Benefits, as applicable, in the ordinary course of business.

4. The Discretionary Employee Incentive Programs are hereby approved and the Debtors are authorized, in their sole discretion, to continue to operate the Discretionary Employee Incentive Programs in the ordinary course of business. However, nothing in this Order is intended to grant the Debtors authority to make payments related to employee retention plans, severance plans, or other payments under 11 U.S.C. § 503(c).

5. Wells Fargo Bank, N.A. 40 NE Loop 410, San Antonio Texas ("Wells Fargo") payroll account in the name Buffets, LLC, ending in 9752 (the "Payroll Account"), is authorized to debit the Payroll Account in the ordinary course of business without need for further order of this Court for: (i) all checks, items, automated clearing house entries and other payment orders drawn on the Payroll Account; (ii) all checks, automated clearing house entries, and other items

deposited or credited to the Payroll Account prior to filing of the Petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of the Petition; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Wells Fargo related solely to the Payroll Account as service charges for the maintenance of the Payroll Account; it is further

6. Wells Fargo may rely on the representations of the Debtors with respect to the Payroll Account whether any check, item, or other payment order drawn or issued by the Debtors prior to filing of the Petition should be honored pursuant to this or any other order of this Court, and Wells Fargo shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

7. Notwithstanding anything in the Motion or this Order to the contrary, any payment made by the Debtors pursuant to the authority granted herein shall be subject to any order authorizing the Debtors' access to and use of cash collateral.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion nor this Order nor any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9. Entry of this Order is necessary to avoid immediate and irreparable harm. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10. Adequate notice of the Motion has been provided. Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

11. Notwithstanding Bankruptcy Rules 6004(h), 7062, and 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

# # #

PREPARED AND SUBMITTED BY:

David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com

and

Andrea Hartley (*Pro Hac Vice* Pending)
Florida Bar No. 864234
Esther A. McKean (*Pro Hac Vice* Pending)
Florida Bar No. 28124
Amy M. Leitch (*Pro Hac Vice* Pending)
Florida Bar No. 90112
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION