The relief described hereinbelow is SO ORDERED.

Signed March 09, 2016.



_____
Ronald B. King
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-50557-rbk |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 1107(a) TO ESTABLISH CRITICAL VENDOR PAYMENT PROCEDURES**

Upon the motion (the "Motion")[2] of Buffets, LLC, *et al.* (collectively, the "Debtors"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order (this "Order") (i) to establish Critical Vendor payment procedures and (ii) authorizing, but not directing, the Debtors to pay the Critical Vendor Claims all as set forth more

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's, Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

{37700603;1}

fully in the Motion; and upon the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties-in-interest; and the Debtors have provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual basis set forth in the Motion and at the hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is necessary to prevent immediate and irreparable harm; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay or otherwise satisfy all Critical Vendor Claims up to the amount of 75% of the Critical Vendor's Claim. The remaining amount of any Critical Vendor's Claim shall be entitled to the priority, classification, or treatment that would apply to such claim absent acceptance of a payment on a Critical Vendor Claim. Acceptance of a payment on a Critical Vendor Claim will be voluntary, and any creditor may decline to accept Critical Vendor treatment.

3. The procedures set forth in the Motion for accounting for Critical Vendor claims that are paid and for parties-in-interest to challenge any such payments and are approved and so ordered.

4. Nothing in the Motion or this Order shall impair the Debtors' rights to contest the validity or amount of any Critical Vendor Claim that may be asserted, and all of the Debtors' rights with respect thereto are hereby reserved.

5. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

6. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity of any claim on any grounds, (b) a waiver or impairment of any of the Debtors' rights to dispute any claim on any grounds, (c) a promise by the Debtors to pay any claim, or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order. Nothing herein shall acknowledge, grant, or otherwise permit any right of offset or recoupment by a non-debtor with respect to any claim asserted against the Debtors.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

8. Notice of the Motion as provided herein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

# # #

PREPARED AND SUBMITTED BY:

David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com

and

Andrea Hartley (*Pro Hac Vice* Pending)
Florida Bar No. 864234
Esther A. McKean (*Pro Hac Vice* Pending)
Florida Bar No. 28124
Amy M. Leitch (*Pro Hac Vice* Pending)
Florida Bar No. 90112
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION