The relief described hereinbelow is SO ORDERED.

Signed March 09, 2016.

_____
Ronald B. King
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-50557-rbk |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PRE-PETITION
CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURE COMMODITIES
ACT, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Buffets, LLC, *et al.* (collectively, the "Debtors"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order (this "Order") (i) establishing a procedure for determining claims arising

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's, Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

{37700210;2}

under the Perishable Agricultural Commodities Act ("PACA") and (ii) authorizing, but not directing, the Debtors to pay the PACA Claims all as set forth more fully in the Motion; and upon the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, its creditors, and all other parties-in-interest; and the Debtor having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is necessary to prevent immediate and irreparable harm; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay or otherwise satisfy all valid PACA Claims.

3. Any PACA Vendor who asserts a PACA claim shall serve written notice of such claim or Bill Disek, Accounts Payable Manager, at 120 Chula Vista Dr., San Antonio, Texas 78232, along with a copy of any invoices and/or such other supporting data as the Debtors might reasonably request.

4. The procedures set forth in the Motion for accounting for PACA claims that are paid and for parties-in-interest to challenge any such payments are approved and so ordered.

5. The Debtors shall provide notice of this Order to all potential PACA claimants by including a copy of this Order with the Notice of Commencement of this case on the creditors on the accounts payable section of the Creditors' Matrix.

6. Any PACA Vendor who accepts payment from the Debtors in satisfaction of their valid PACA Claim will be deemed to have waived any and all claims of whatever type, kind, or priority against the Debtors, their property, their estate and any PACA Trust Assets, but only to the extent that payment has been received by such PACA Vendor on account of its PACA Claim.

7. Nothing in the Motion or this Order shall impair the Debtor's right to contest the validity or amount of any PACA Claim that may be asserted, and all of the Debtor's rights with respect thereto are hereby reserved.

8. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

9. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity of any claim on any grounds, (b) a waiver or impairment of any of the Debtors' rights to dispute any claim on any grounds, (c) a promise by the Debtors to pay any claim, or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order. Nothing herein shall acknowledge, grant, or otherwise permit any right of offset or recoupment by a non-debtor with respect to any claim asserted against the Debtors.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

11. Notice of the Motion as provided herein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

12. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

# # #

PREPARED AND SUBMITTED BY:

AKERMAN LLP

David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
2001 Ross Avenue, Suite 2550
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com

and

Andrea S. Hartley
Florida Bar No. 864234
Esther A. McKean
Florida Bar No. 28124
Amy M. Leitch
Florida Bar No. 90112
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com

PROPOSED COUNSEL FOR
DEBTORS AND DEBTORS-IN-POSSESSION