IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-50557-RBK |
| | § | |
| Debtors. | § | Jointly Administered |

**DEBTORS' REQUEST FOR SETTING FIRST AND SECOND
MOTIONS TO REJECT FOR APRIL 15, 2016 AT 10:30 A.M.**
*[Relates to Docket Nos. 11, 28, 233, 234 & 281]*

The debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases") (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this request (this "Request") seeking a hearing on Debtors' (a) First Motion to (a) Reject Unexpired Leases of Non-Residential Real Property Pursuant to 11 U.S.C. § 365 Nunc Pro Tunc to the Petition Date and (ii) Abandon Personal Property Related Thereto Pursuant to 11 U.S.C. § 554 (the "First Motion to Reject") [Docket No. 11], and (b) Second Motion to (a) Reject Unexpired Leases of Non-Residential Real Property Pursuant to 11 U.S.C. § 365 Nunc Pro Tunc to the Latter of the Petition Date or the Surrender Date and (ii) Abandon Personal Property Related Thereto Pursuant to 11 U.S.C. § 554 (the "Second Motion to Reject") [Docket No. 28] and any objections or responses thereto (collectively, the "Motions to Reject"), and would respectfully show the Court the following:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's, Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.

**BACKGROUND**

1. Through the Motions to Reject, the Debtors seek Court authority to reject unexpired leases (the "Unexpired Leases") of certain of the stores closed prior to and in the days surrounding the Petition Date.

2. Certain of the landlords affected by the Motions to Reject are parties to "master leases" with the Debtors: ARC DBPPROP001, LLC (master leases identified on Exhibit A to Docket No. 269 as "FIGRYANH," "SLB-B-1," "SLB-B-2," "SLB-B-3" & "SLB-B-4"), Cole BU Portfolio II, LLC ("Cole II") and Spirit Master Funding V, LLC ("Spirit"). The Debtors closed, either prior to or shortly after the Petition Date, certain store locations and have sought to sever and reject the individual leases associated therewith (the "Non-Operating Individual Lease Locations") under the "master leases" and defer a decision on assumption or rejection of the balance of the currently operating locations under the "master leases" (the "Operating Individual Lease Locations"). These "master leases" and their respective landlords (the "Master Lease Landlords") are identified on Exhibit A to Docket No. 269 with operating and non-operating locations identified thereon.

3. Each of the Master Lease Landlords, including but not limited to FIGRYANH, SLB-B-1, SLB-B-2, SLB-B-3, SLB-B-4, and Cole II (collectively, "VEREIT") and Spirit have filed an objection to the Motions to Reject:

   a. On March 28, 2016, VEREIT filed its Objection to the Motions to Reject (the "VEREIT Objections") [Docket Nos. 233 and 234], and

   b. On April 4, 2016, Spirit filed its Objection to the Motions to Reject (the "Spirit Objection") [Docket No. 281].

4. The primary issue raised by the VEREIT Objections and Spirit Objection is whether the Debtors are entitled to sever the Non-Operating Individual Lease Locations from the respective "master leases", and assume and continue to operate the Operating Individual Lease Locations. VEREIT and Spirit contend the Debtors are not entitled to sever Non-Operating Individual Lease Locations, and must either reject or assume all individual leases under the "master leases". The Debtors disagree.

## RELIEF REQUESTED

5. The Debtors, VEREIT and Spirit have agreed to have the Motions to Reject and their respective objections thereto heard on Friday, April 15, 2016 (the "Proposed Hearing"), subject to Court approval. The Court had previously set April 15, 2016 at 10:30 a.m. for a final hearing on use of cash collateral and DIP financing. The Debtors, Creditors Committee and DIP Lenders all expect that the hearing will be converted to an additional interim hearing and thus the hearing will be much shorter than originally expected. Thus, the Debtors request that this Court set the Motions to Reject for that same time, **10:30 a.m. CENTRAL, April 15, 2016** and reserve the balance of the Court's availability for that day for the hearing on the Motions to Reject.[2]

## CERTIFICATE OF CONFERENCE WITH AFFECTED PARTIES
## PURSUANT TO LOCAL BANKRUPTCY RULE 9014(e)

6. Counsel for the Debtors conferred with all affected parties, and all agree to the relief requested herein. Specifically, the Debtors, VEREIT and Spirit have all agreed to proceed on April 15 and expect to need the balance of the day for an evidentiary hearing on the Motions to Reject (and related matters that will be requested and set by separate requests for setting).

---

[2] The Court had previously set the cash collateral / DIP financing hearing for 10:30 a.m. to accommodate the Debtors' counsel travel schedule from Dallas. In light of the expected contested and evidentiary nature of the hearing on the Motions to Reject (and related Motions), the Debtors will expect to be in San Antonio the day before the hearings and will be prepared to start at an earlier time on April 15, 2016, if so ordered by this Court.

## **CAUSE FOR EXPEDITED RELIEF**

7. The Debtors assert that cause exists to have the Motions to Reject heard as soon as practicable for this Court and the parties in interest as this is a significant gating issue in both the level of administrative claims that will be borne by these estates, as well as the stores that the Debtors will be able to restructure around. Thus, the parties, the Debtors, VEREIT and Spirit all consent to going forward on April 15, 2016, should the Court grant the hearing.

WHEREFORE, respectfully request the Court enter an Order in the form attached hereto as **Exhibit A**: (i) setting the Motions to Reject for hearing on April 15, 2016 at 10:30 a.m. Central Standard Time, and reserving the balance of the Court's availability for that day for the hearing on the Motions to Reject, (ii) shortening the time for notice of said hearing, and (iii) granting such other relief as the Court may deem just and proper.

Dated: April 4, 2016

Respectfully submitted,

AKERMAN LLP

　/s/ John E. Mitchell　　　　　　　　　
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
2001 Ross Avenue, Suite 2550
Dallas, TX  75201
Telephone:    (214) 720-4300
Facsimile:     (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com

and

Andrea Hartley (Admitted *Pro Hac Vice)*
Florida Bar No. 864234
Esther A. McKean (Admitted *Pro Hac Vice*)
Florida Bar No. 28124
Amy M. Leitch (Admitted *Pro Hac Vice*)
Florida Bar No. 90112
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone:    (305) 374-5600
Facsimile:     (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com

COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION