IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-50557-rbk |
| | § | |
| Debtors. | § | (Jointly Administered) |

**REORGANIZED DEBTORS' MOTION TO DETERMINE
EXTENT OF LIABILITY FOR POST-CONFIRMATION QUARTERLY FEES
PAYABLE TO UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(a)(6)**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Buffets, LLC, *et al.* (collectively, the "Reorganized Debtors"), reorganized debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases" or "Cases"), file this Motion to Determine (the "Motion") the Extent of the Reorganized Debtors' liability for Post-Confirmation Quarterly Fees Payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) (the "Motion"), and in support thereof say:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's, Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.

45566056;4

## I.     JURISDICTION AND VENUE

1. This Court has jurisdiction over this Response pursuant to 28 U.S.C. §§ 157 & 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 & 1409.

## II.     BACKGROUND

2. On March 7, 2016, (the "Petition Date"), the Reorganized Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On April 27, 2017, this Court entered its Findings of Fact, Conclusions of Law, and Order Under Section 1129 of the Bankruptcy Code and Rule 3020 of the Bankruptcy Rules Confirming Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (ECF No. 2576, the "Confirmation Order"), which confirmed Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (ECF No. 2573, the "Plan"). The effective date of the Plan occurred on May 18, 2017 (ECF No. 2630, the "Effective Date").

4. Pursuant to the Plan and the Unsecured Creditors' Trust Agreement contemplated therein, certain assets were transferred to an Unsecured Creditors' Trust (the "Trust") which was established to make distributions under the Plan to holders of Class 4 General Unsecured Claims and Class 5 Convenience Claims.

5. In 2017, the United States Congress amended Title 28, Section 1930. Specifically, effective October 26, 2017, more than five months after the Effective Date of the Plan, Section 1930 was amended to provide for an 833% increase in the maximum post-confirmation quarterly fees payable by certain chapter 11 debtors, from $30,000 per quarter to $250,000 per quarter. *See* Pub. L. 115-72, Div. B, § 1004(c), Oct. 26, 2017, 131 Stat. 1232.

45566056;4

6. The Reorganized Debtors filed a Chapter 11 Post-Confirmation Report for the Quarter Ending March 2018 (ECF No. 3708, the "2018 Q1 QOR"). The 2018 Q1 QOR states that the Reorganized Debtors disbursed a total of $65,274,569.47, of which only $740,989.67 were "Disbursements made under the plan." *See* 2018 Q1 QOR, Item 2.

7. The United States Trustee issued a bill to the Reorganized Debtors requesting payment of $250,000 pursuant to the 2018 Q1 QOR.

### III. RELIEF REQUESTED

8. Section 1930 is written vaguely and the new amendment did nothing to clarify the extent of its application. One Texas bankruptcy court has already defined the contours of the concept of "disbursements" subject to the statute, and the Reorganized Debtors urge this Court to adopt that reasoning to ensure that the contract embodied by the Plan is enforced under the terms reasonably contemplated by parties in interest as of confirmation. Under the reasoning the Reorganized Debtors urge this Court to adopt, the Reorganized Debtors request that this Court enter an order determining that they owe only $4,875 in fees under said section for the first quarter of 2018.

### IV. ARGUMENT

**A. "Disbursements" under 28 U.S.C. § 1930(a)(6) are limited to disbursements on priority and administrative expense claims, the claims of creditors of the Reorganized Debtors' bankruptcy estates, and the interests of equity security holders pursuant to the plan.**

9. Section 1930 of Title 28 of the United States Code is entitled "Bankruptcy Fees." It provides for, among other fees, that "a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first." 28 U.S.C.

45566056;4

§ 1930(a)(6)(A). Before October 26, 2017, the highest possible quarterly fee under the statute was $30,000, for "each quarter in which disbursements total more than $30,000,000." *Id.*

10. Effective October 26, 2017, however, an additional provision was added to the statute:

> During each of fiscal years 2018 through 2022, if the balance in the United States Trustee System fund as of September 30 of the most recent full fiscal year is less than $200,000,000, the quarterly fee payable for a quarter in which disbursements equal or exceed $1,000,000 shall be the lesser of 1 percent of such disbursements or $250,000.

28 U.S.C. § 1930(a)(6)(B). Put another way, any chapter 11 debtor with $25 million or more in disbursements suddenly went from owing $30,000 a quarter to $250,000 a quarter in fees to the United States Trustee, an increase of 833%. This increase is staggering. By contrast, section 104 of the Bankruptcy Code, which provides for adjustment of various dollar amounts contained in the Bankruptcy Code, tracks the Consumer Price Index for All Urban Consumers. That index typically rises by a small percentage, no more than four percent in each of the last ten years, or a total increase of approximately 18.2% over the last ten years.[2] Such increases are reasonable adjustments to account for inflation that ensure that the amounts stated in the Bankruptcy Code

---

[2] *See* Bureau of Labor Statistics website at https://data.bls.gov/data/.
**Consumer Price Index - All Urban Consumers (Current Series)**
Series Id:   CUUR0000SA0 Not Seasonally Adjusted
Series Title: All items in U.S. city average, all urban consumers, not seasonally adjusted
Area:    U.S. city average
Item:    All items
Base Period:  1982-84=100

| Year | Annual | Percent Increase over Prior Year |
|---|---|---|
| 2007 | 207.342 | |
| 2008 | 215.303 | 3.8% |
| 2009 | 214.537 | (0.4%) |
| 2010 | 218.056 | 1.6% |
| 2011 | 224.939 | 3.2% |
| 2012 | 229.594 | 2.1% |
| 2013 | 232.957 | 1.5% |
| 2014 | 236.736 | 1.6% |
| 2015 | 237.017 | 0.1% |
| 2016 | 240.007 | 1.3% |
| 2017 | 245.120 | 2.1% |

45566056;4

correspond to the broader economy. An increase of 833% from one quarter to the next is completely beyond the realm of reasonable, especially when enacted and made effective after the effective date of a plan of reorganization that was drafted and confirmed in reliance on the status quo at that time.

11. The word "disbursement" is not defined in the statute. *In re Brown*, 2008 WL 899333 at *2, Case No. 05-49053-H3-11 (Bankr. S.D. Tex. Mar. 31, 2008). There is no controlling authority in the Fifth Circuit construing 28 U.S.C. § 1930(a)(6) after the 1996 amendments to the statute. *See id.* at *3.[3] In *Brown*, the court canvassed case law on the topic from several other courts and correctly concluded that "disbursements" in 28 U.S.C. § 1930(a) are funds "disbursed on priority and administrative expense claims, the claims of creditors, and the interests of equity security holders pursuant to the plan." *Id.* at *4. Specifically, the *Brown* decision holds that a debtor's post-confirmation operating expenses are not "disbursements" under 28 U.S.C. § 1930(a)(6). *Id.*

12. Under the definition of "disbursements" in the *Brown* decision, the Debtors made $740,989.67 of disbursements in the second quarter of 2018. *See* 2018 Q1 QOR. As such, the Reorganized Debtors rightfully owe the United States Trustee a fee of $4,875 because their disbursements were between $300,000 and $1,000,000. *See* 28 U.S.C. § 1930(a)(6)(A).

**B.    Other Authorities on Definition of "Disbursements" are Distinguishable**

13. The Reorganized Debtors anticipate that the United States Trustee will argue many of the authorities examined and distinguished in the *Brown* opinion. The *Brown* opinion notes that none of the authorities examined therein considered "the impact of Sections 507(a)(2)

---

[3] The 1996 Amendments extended the fees to apply after confirmation of a plan by deleting the phrase "a plan is confirmed" from the list of events that would terminate liability for the quarterly fees provided in 28 U.S.C. § 1930. *Brown*, at *2.

45566056;4

and 1129(a)(9) of the Bankruptcy Code." These provisions provide, respectively, that fees due to the United States Trustee are accorded second priority of distribution and that on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim. *See* 11 U.S.C. §§ 507(a)(2) & 1129(a)(9).

14. As the *Brown* opinion explains:

> The rationales advanced in those cases[4] appears to require that the court determine, at the time of confirmation in each Chapter 11 case, the timing and amount of future post-confirmation disbursements of the debtor, and require that the debtor pay a quarterly fee based on such determination in cash on the effective date of the plan. The only way to harmonize the provisions of 28 U.S.C. § 1930(a)(6) with those of Sections 507(a)(2) and 1129(a)(9) of the Bankruptcy Code is to conclude that "disbursements" described in 28 U.S.C. § 1930(a)(6) are those disbursed on priority and administrative expense claims, the claims of creditors, and the interests of equity security holders pursuant to the plan.

*Brown*, 2008 WL 899333 at *4.

15. The reasoning of the *Brown* decision is compelling. Section 1129 requires that the Court determine at confirmation that chapter 11 debtors' plans are compliant with the Bankruptcy Code, including its priority distribution scheme and the required timing of payments and determinations thereof. United States Trustee fees can only be calculated at confirmation with reference to disbursements to creditors contemplated under such plans. *See id.* The *Brown* court conclusively determined that the relevant "disbursements" for determining the United States Trustee's fee under 28 U.S.C. § 1930 were payments to creditors, and not ordinary operating expenses. *Id.*

16. Two other Texas bankruptcy court opinions that interpret 28 U.S.C. § 1930 are inapposite. The first, *In re Pars Leasing*, is easily distinguishable. *See* 217 B.R. 218 (Bankr.

---

[4] The *Brown* opinion examined the following authorities on the definition of "disbursements" in 28 U.S.C. § 1930: *St. Angelo v. Victoria Farms, Inc. (In re Victoria Farms, Inc.)*, 38 F.3d 1525 (9th Cir. 1994); *In re Celebrity Home Entertainment*, 210 F.3d 995 (9th Cir. 2000); *In re Danny's Markets*, 266 F.3d 523 (6th Cir. 2001); *U.S. Trustee v. Pettibone Corp. (In re Pettibone Corp.)*, 251 B.R. 335 (N.D. Ill. 2000); *In re Jamko*, 240 F.3d 1312 (11th Cir. 2001); *In re Cash Cow Services of Florida, LLC*, 296 F.3d 1261 (11th Cir. 2002).

45566056;4

W.D. Tex. 1997). There, the Court found that charges paid by third parties on the debtor's behalf should be calculated as a "disbursement" for the purposes of determining the debtor's liability for fees under 28 U.S.C. § 1930(a)(6). *Id.* at 221. However, the Reorganized Debtors' argument here is different. There is no issue in these Cases with payments coming from other sources on the Reorganized Debtors' behalf. The *Pars Leasing* analysis is not applicable to the issue before the Court on the Reorganized Debtors' Motion.

17. The second case, *In re R & K Fabricating*, is equally inapposite. Bankr. Case No. 10-33878, 2013 WL 5493161 (Bankr. S.D. Tex. Sep. 30, 2013). Following cases distinguished by *In re Brown*, the *R & K Fabricating* opinion proceeds without analysis of 11 U.S.C. § 507(a)(2) and 1129(a)(9). *See id.* The *R & K Fabricating* opinion also contains extensive analysis about shifting the burden of paying US Trustee fees to the Disbursing Agent. *See id.* at *4. To the extent this Court elects to follow the *R & K Fabricating* decision, then the fees due to the US Trustee ought to be apportioned to the entity or entities for whose benefit the Cases are held open. *See id.*

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter an order: (i) granting the Motion, (ii) determining that the word "disbursements" in 28 U.S.C. § 1930(a)(6) is limited to those funds disbursed on priority and administrative expense claims, the claims of creditors, and the interests of equity security holders pursuant to the plan, and (iii) granting such other and further relief as this Court deems just and proper.

Dated: July 12, 2018

Respectfully submitted,

AKERMAN LLP

*/s/ David W. Parham*
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
Scott D. Lawrence, SBN: 24087896
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com
scott.lawrence@akerman.com

and

Andrea Hartley
Florida Bar No. 864234
Esther A. McKean
Florida Bar No. 28124
Amy M. Leitch
Florida Bar No. 90112
Katherine C. Fackler
Florida Bar No. 68549
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com
katherine.fackler@akerman.com

COUNSEL TO REORGANIZED DEBTORS

45566056;4

# **PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFETS, LLC, *et al.*[1] | § | Case No. 16-50557-RBK |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING REORGANIZED DEBTORS' MOTION TO DETERMINE EXTENT OF LIABILITY FOR POST-CONFIRMATION QUARTERLY FEES PAYABLE TO UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(a)(6)**
*[Relates to Doc. No. ____]*

On this day the Court considered the Motion of Buffets, LLC ("Buffets") and its affiliated reorganized debtors in the above-referenced chapter 11 cases (collectively, as reorganized, the "Reorganized Debtors"), seeking an order determining the extent of the Reorganized Debtors' liability for post-confirmation quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) [ECF No. ____] (the "Motion"). The Debtors having provided notice of the

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Buffets, LLC (2294); Hometown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); and Tahoe Joe's, Inc. (7129). The address for all of the Debtors is 120 Chula Vista Drive, Hollywood Park, Texas 78232.

45760128;1

Motion to the Limited Service List; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and the Court having held a hearing to consider the requested relief in the Motion (the "Hearing") and any properly filed and served objections thereto; and the Court having noted in the record of the Hearing the appearances of all parties interested thereto; and the Court having found sufficient legal and factual grounds for determining the Reorganized Debtors' liability for post-confirmation fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6); and the Court having determined that that there is sufficient cause to grant the Motion. It is therefore:

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that the Reorganized Debtors are determined to have liability for $4,875 in fees payable to the United States Trustee's office pursuant to 28 U.S.C. § 1930(a)(6) for the period January 1, 2018 to March 31, 2018; and it is further

**ORDERED** that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

###

PREPARED BY AND SUBMITTED BY:

David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com
	and
Andrea Hartley
Florida Bar No. 864234
Esther A. McKean
Florida Bar No. 28124
Amy M. Leitch
Florida Bar No. 90112
Katherine C. Fackler
Florida Bar No. 68549
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
andrea.hartley@akerman.com
esther.mckean@akerman.com
amy.leitch@akerman.com
katherine.fackler@akerman.com
COUNSEL FOR REORGANIZED DEBTORS

45760128;1