**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**HENRY G. HOBBS, JR**
**ACTING UNITED STATES TRUSTEE**
**JAMES W. ROSE, JR.**
**TRIAL ATTORNEY**
**615 E. Houston, Rm. 533**
**San Antonio, TX 78205**
**Telephone: (210) 472-4640**
**Fax: (210) 472-4649**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BUFFETS, LLC, ET AL.,** | § | **CASE NO. 16-50557-RBK-11** |
| | § | |
| | § | **(JOINTLY ADMINISTERED UNDER** |
| | § | **CASE NO. 16-50557-RBK-11)** |
| | § | |
| **DEBTORS.** | § | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO REORGANIZED**
**DEBTORS' MOTION TO DETERMINE EXTENT OF LIABILITY FOR**
**POST-CONFIRMATION QUARTERLY FEES PAYABLE TO UNITED**
**STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(a)(6)**

TO THE HONORABLE RONALD B. KING
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Henry G. Hobbs, Jr., the Acting United States Trustee for Region 7 ("UST"), by and through the undersigned, and files this objection to the Reorganized Debtors' Motion To Determine Extent of Liability For Post-confirmation Quarterly Fees Payable to United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)(the "Motion"). The UST respectfully shows the Court the following:

## PRELIMINARY STATEMENT

In the Motion, the debtors ask the Court to determine the amount of post-confirmation U.S. Trustee quarterly fees ("Quarterly Fees") they owe pursuant to 28 U.S.C. § 1930(a)(6).[1]  In particular, the debtors argue that the Court should define post-confirmation disbursements as only those distributions made pursuant to their Plan of reorganization.   Notwithstanding the Debtors' perceived notions of an unfair outcome,[2] their definition of disbursements finds no support in the plain language of 28 U.S.C. § 1930(a)(6) or in the vast majority of cases addressing the issue.   Indeed, at least three United States Circuit Courts of Appeal have considered the Debtors' arguments and rejected them.   This Court should do the same and deny the Motion.

## BACKGROUND FACTS

1.    On March 7, 2016, Buffets, LLC and 6 related debtors[3] (the "debtors") filed

---

[1] Congress imposed the requirement to pay U.S. Trustee quarterly fees in 28 U.S.C. § 1930, which is titled "Bankruptcy Fees," and which also provides for payment of filing fees.   28 U.S.C. § 1930(a)(6) is sometimes referred to in the Objection as the "statute."

[2] It appears to the UST that the debtors' Motion was prompted by the enactment of the Bankruptcy Judgeship Act of 2017 (the "Bankruptcy Judgeship Act"), which was signed into law on October 26, 2017. P.L. 15-17, 131 Stat. 1224, Div. B § 1004.   Pursuant to the Bankruptcy Judgeship Act, Congress revised the Quarterly Fee calculation, effective January 1, 2018, for cases with quarterly disbursements of $1 million or more and increased the maximum fee to $250,000. Under the current fee structure, if a debtor has disbursements of $25 million or more during a quarter, the debtor will owe Quarterly Fees of $250,000.   In these cases, the total quarterly disbursements for the consolidated debtors per quarter are well in excess of $25 million. Based on the debtors' reported disbursements, the debtors currently owe Quarterly Fees of $250,000 each for the 1st and 2nd quarters of 2018, for a total amount of approximately $500,000.   The debtors argue the changed sliding scale calculation pursuant to the Bankruptcy Judgeship Act resulting in an increase in Quarterly Fees for these debtors is unfair.

[3] The other debtors are Hometown Buffet, Inc. OCB Restaurant Company, LLC, OCB Purchasing Co., Ryan's Restaurant Group, LLC, Fire Mountain Restaurants, LLC, and Tahoe Joe's, Inc.

voluntary petitions under Chapter 11 of the Bankruptcy Code. The cases are jointly administered under Case No. 16-50557-RBK-11.

2.       On April 27, 2017, the debtors confirmed their Second Amended Joint Plan of Reorganization (the "Plan")(Docket No. 2576). Pursuant to the Plan, the debtors were substantively consolidated.

3.       The Plan and Order Confirming the Plan contain provisions for payment of Quarterly Fees:  "A. <u>Payment of Statutory Fees</u> All fees payable on or before the Effective Date pursuant to section 1930 of title 28 of the United States Code shall be paid by the Debtors on or before the Effective Date. Each Reorganized Debtor shall pay such fees payable after the Effective Date until such time as a final decree is entered closing the applicable Chapter 11 Case or the Court orders otherwise." (Docket No. 2576 page 101 of 119, Plan Art. X Miscellaneous Provisions; Docket No. 2576 Order Confirming the Plan at Paras 17 page 15 of 119 and Para. 61 page 34 of 119).

4.       The debtors filed consolidated post-confirmation reports summarized as follows:

| Quarter | Docket No. | Reported Total Disbursements |
|---------|-----------|------------------------------|
| 2nd 2017 | 2753 | $54,679,019.00 |
| 3rd 2017 | 2956 | $68,995,773.00 |
| 4th 2017 | 3327 | $71,952,262.06 |
| 1st 2018 | 3708 | $65,274,569.47 |
| 2nd 2018 | 3809 | $67,303,248.20 |

3

5.      The debtors have paid the Quarterly Fees through the 4th quarter of 2017. The debtors have not paid the Quarterly Fees due for the 1st and 2nd quarters of 2018.

## DEBTORS' FACTUAL ALLEGATIONS IN THE MOTION

6.      The UST admits the statements of jurisdiction contained in paragraph 1 of the Motion.

7.      The UST admits to the allegations contained in paragraphs 2, 3, and 4 of the Motion.

8.      The UST admits the first sentence of paragraph 5 of the Motion.   The UST admits the Bankruptcy Judgeship Act became law on October 26, 2017 as recited in the second sentence of paragraph 5 of the Motion.   The UST denies the Bankruptcy Judgeship Act became effective on October 26, 2017, as an incorrect recital of the statute. 28 U.S.C. § 1930(a)(6)(B) states: "[d]uring each of the fiscal years 2018 through 2022, if the balance in the United States Trustee System Fund as of September 30 of the most recent full fiscal year is less than $200,000,000 the quarterly fee payable for a quarter in which disbursements equal or exceed $1,000,000 shall be the lesser of 1 percent of such disbursements or $250,000." [4]   28 U.S.C. §1930(a)(6)(B).   The UST admits the Bankruptcy Judgeship Act applies to disbursements made in these cases in the calendar quarter beginning January 1, 2018.   The UST can neither admit nor deny those portions of paragraph 5 of the Motion contained within the second sentence which appear to be argument.

---

4   The debtors' Motion contains the statute at Para. 10.] of their argument.

4

9.      The UST admits the allegations contained in paragraphs 6 and 7 of the Motion.


## ARGUMENT & AUTHORITIES

**I.      "Disbursements," under 28 U.S.C. § 1930(a)(6), Means All Payments Made By The Debtors Or On Their Behalf.**

10.      In the Motion, the debtors ask the Court to reduce the amount of Quarterly Fees they owe by limiting "disbursements" to payments on administrative expense claims, the claims of creditors of the Reorganized Debtors' bankruptcy estates, and the interests of equity security holders pursuant to the plan.   Under their theory, the debtors assert they would only owe Quarterly Fees of $4,875 each quarter. This theory, however, is not a proper way to construe a statute and is not supported by the plain meaning of the word "disbursements" or the majority of the cases interpreting 28 U.S.C. §1930(a)(6) and the meaning of disbursements.

**A.      The definition of "disbursement."**

11.   The term "disbursement" is not defined in the Bankruptcy Code.   Because neither the statute nor its legislative history defines the word disbursement, courts determine its meaning from the plain language of the statute using accepted canons of statutory construction.   The most applicable canon of statutory construction in this circumstance is the axiom that where a word is not otherwise defined in the relevant stature, the court should construe it in accord with its ordinary and natural meaning. *Smith v. United States*, 508 U.S. 223, 228 (1993); *Perrin v. United States*, 444 U.S. 37,

42 (1979).   Disbursement is defined as "funds paid out."   *In re R & K Fabricating, Inc.*, 2013 Bankr. LEXIS 4115 at p. 7 (Bankr. S. D. Tex. September 30, 2013)(citing Webster's Ninth New Collegiate Dictionary 361 (1990)).

### B. The majority of cases construe disbursements as all payments made by or on behalf of the debtors.

12.   28 U.S.C. §1930(a)(6) is unambiguous.   A majority of courts have construed the term "disbursement" very broadly to mean all disbursements made during the pendency of the case. *See Robiner v. Danny's Mkts., Inc. (In re Danny's Mkts., Inc.),* 266 F.3d 523, 526 (6th Cir. 2001)("Accordingly, all of these payments, including the debtor's day-to-day, post confirmation operating expenses, must be accounted for in the calculation of the trustee's quarterly fee. They are all "disbursements" under the statute, and the statute is quite unambiguous that all disbursements, whenever made, drive the fee amount."); *Tighe v. Celebrity Home Entm't, Inc. (In re Celebrity Home Entm't, Inc.),* 210 F.3d 995, 998 (9th Cir. 2000)(addressing reorganized debtor's liability for quarterly fees and providing broad definition of disbursement); *Cash Cow Servs. of Fla. LLC v. United States Trustee (In re Cash Cow Servs. of Fla. LLC),* 296 F.3d 1261, 1265 (11th Cir. 2002)(broad definition of disbursement: debtor's payment to consumers of loan proceeds as part of its business were "disbursements"); *Walton v. Jamko, Inc. (In re Jamko, Inc.),* 240 F.3d 1312, 1316 (11th Cir. 2001)("There is ample support, however, in the legislative history and case law, including the Ninth Circuit's decision in *Celebrity Home,* to conclude that Congress intended the UST fee to apply to all disbursements

made during the entire process, including ordinary operating expenses, before or after confirmation, as a type of user tax on those who benefit the most from the program."); *In re N. Hess' Sons, Inc.,* 218 B.R. 354, 361 (Bankr. D. Md. 1998)(broad definition of disbursement: ordinary course of business); *In re R & K Fabricating, Inc.*, 2013 WL 5493161, 2013 Bankr. LEXIS 4115 (Bankr. S.D. Tex. September 30, 2013)(holding that "disbursements" means both those made under a plan of reorganization and all other amounts paid out by a reorganized debtor); *In re Pars Leasing, Inc.*, 217 B.R. 218, 221 (Bankr. W.D. Tex. 1997)(broad definition of disbursement including not just the actual cash disbursements made by the debtor-in-possession, but also those cash disbursements made by third parties on behalf of the debtor). This Court should follow the majority of cases and adopt a broad definition of disbursements to include all payments by or on behalf of the debtors.

### C.   The *Brown* case is flawed and factually distinguishable from the debtors' cases.

13.      The debtors rely solely on Judge Leticia Clark's opinion in *In re Brown*, 2008 WL 899333 (Bankr. S.D. Tex. March 31, 2008) in support of their limited definition of disbursements.   The *Brown* opinion is not binding or controlling precedent for this Court.

14.      Neither is *Brown* persuasive.   The *Brown* decision's narrow construction of disbursements is an outlier that conflicts with the majority of cases construing the statute and the common sense meaning of disbursements.   The reasoning of *Brown* is based on a flawed premise and contradicts the plain language of 28 U.S.C. § 1930(a)(6).

7

15.    In *Brown*, the court acknowledges, but then proceeds to ignore, the majority view of cases that disbursements includes all post-confirmation payments made by the debtors.    To reach an outcome-oriented result, the *Brown* court claims that the majority view was mistaken because it does not take into account the impact of sections 507(a)(2) and 1129(a)(9) of the Bankruptcy Code.    *Id.* at 3.    In particular, the *Brown* court claimed that these statutory provisions required the bankruptcy court, at the time of confirmation of each Chapter 11 case to (1) determine the timing and amount of future post-confirmation disbursements and (2) require the debtor pay quarterly fees based on such determination in cash on the effective date of the plan. *Id.* at 4.    This premise formed the basis for the conclusion that post-confirmation disbursements are only those payments made under the plan.

16.    Nothing in section 1129(a)(9) supports *Brown's* conclusion.    The confirmation statute mandates an identifiable payment of money on or before a date certain (i.e., the effective date of the plan) unless a party agrees otherwise.    *See* 11 U.S.C. § 1129(a)(9).    By contrast, the provision says nothing about a determination of post-effective date fees—and for good reason.    Such an adjudication would be premature because it would depend upon facts not yet in existence.

17.    Other provisions of section 1129 further evidence that the Court does not adjudicate quarterly fee liability into perpetuity at the time of confirmation.    Just as the *Brown* court stated the majority cases failed to take into account sections 507(a)(2) and 1129(a)(9), *Brown* ignores 11 U.S.C. § 1129(a)(12).    Under section 1129(a)(12), the Quarterly Fees which must be paid on the Effective Date are the fees "payable" at the

time of confirmation up to the effective date.   11 U.S.C. § 1129(a)(12).   Quarterly Fees are payable on the last day of the month after the calendar quarter. Fed. R. Bankr. P. 2015(a)(5).   Conversely, any fees that are not payable at the time of confirmation fall outside of section 1129's scope.

18.     One need only read the provisions of the Plan in these cases to understand how 11 U.S.C. § 1129(a)(12) and 28 U.S.C. § 1930(a)(6) apply.   (Docket No. 2576). Section 1129(a)(12) requires that bankruptcy fees under 28 U.S.C. § 1930 due and owing as of the confirmation of the plan must be paid on or before the effective date.   The Quarterly Fees due and payable on April 27, 2017 were the fees required to be paid on the Effective Date.   So, the Court found the Plan complied with Section 1129(a)(12) because the Quarterly Fees due at confirmation "either have been paid or will be paid on the Effective Date." (Docket No. 2576 page 15 of 119, Para. 17).

19.     After the effective date of a confirmed plan, Quarterly Fees are post-confirmation statutory fees which accrue each quarter until the case is converted, dismissed, or closed. 28 U.S.C. § 1930(a)(6); *see also In re Jamko, Inc.*, 240 F.3d at 1315.   Section 1129 does not require the Bankruptcy Court to determine all future post-confirmation Quarterly Fees at the time of confirmation or find the debtor has the actual ability to pay all post confirmation statutory fees. Just as other statutory fees arising post confirmation, such as taxes, are not fixed or determined at confirmation, Quarterly Fees are neither all payable immediately nor fixed by the Court at confirmation. The Court typically does not determine whether the debtor has the ability to pay all post confirmation taxes in order to make a finding of feasibility at confirmation.   And here, the Court found

9

that the debtors have established that confirmation of the Plan will "not likely be followed by the liquidation, or the need for further financial reorganization of the Reorganized Debtors." (Docket No. 2576 page 14 of 119 at Para. 16.)

20.     *Brown* likewise ignores the plain language of 28 U.S.C. § 1930(a)(6). Section 1930(a)(6) does not create two calculations for disbursements, one used pre-confirmation and one used post confirmation. Such arguments were made in 1996 when 28 U.S.C. §1930(a)(6) was amended to apply to cases following confirmation until the case was converted, dismissed or closed. Courts strongly disagreed. *See In re Pettibone Corp.*, 251 B.R. 335 (N.D. Ill. 2000)(collecting cases). Congress could have included such language limiting the disbursements on which Quarterly Fees were owed to those under a plan when it amended section 1930(a)(6) in 1996, but chose not to do so. The court in *Brown* essentially added new terms to section 1930(a)(6) that do not appear in the statute.

21.     Additionally, the facts in *Brown* are distinguishable from the facts in the debtors' cases. In *Brown*, the debtor was an individual Chapter 11 debtor in a case filed prior to the 2005 amendments under the BAPCPA.[5] The debtors here are corporations and limited liability companies. The *Brown* court held that the debtor's status as an individual Chapter 11 debtor distinguished the *Brown* facts from the conflicting Circuit Court authority involving businesses. *Id.* at 4. *Brown* also held that requiring an

---

[5] The BAPCPA amendments to the Bankruptcy Code included 11 U.S.C. § 1115 providing an individual Chapter 11 debtor's post-petition earnings are property of the estate. Significantly an individual chapter 11 debtor must pay the full unsecured creditor claims or not less than the projected disposable income as calculated under chapter 13 if creditors object. 11 U.S.C. § 1129(a)(15)(A) or (B). And Courts have determined the absolute priority rule applies to individual chapter 11 debtors. *In re Lively,* 717 F. 3d 406 (5th Cir. 2013).

individual Chapter 11 debtor to use post-petition income to pay post-confirmation Quarterly Fees on all expenditures appears to impose involuntary servitude. *Id.* at. 5. The *Brown* opinion is a minority view concerning the interpretation of disbursements under 28 U.S.C. § 1930(a)(6), and, in any event, applied only to cases of individual Chapter 11 debtors filed prior to the 2005 amendments under the BAPCPA. The Court should follow the majority of cases and adopt the definition of disbursements that includes all payments made by or on behalf of the debtors. Just as the majority of courts concluded nothing in the previous amendments to 28 U.S.C. § 1930(a)(6) limited the term "disbursements", this Court should find that nothing in the Bankruptcy Judgeship Act shows Congress intended to limit the basis for calculating Quarterly Fees to disbursements of plan payments. *E.g. In re Maruko, Inc.,* 219 B.R. 567, 572 (S.D. Cal. 1998).

## II.    The Debtors Are Not Entitled To Equitable Relief From The Increase In Quarterly Fees Under The Bankruptcy Judgeship Act.

22.    The debtors suggest confirmation of the Plan was based upon "reliance on status quo at that time." (Motion Para. 10 pp 4-5). The debtors mistakenly suggest because other parts of the Bankruptcy Code are indexed to the Consumer Price Index that the increase in a statutory fee which applies to these debtors, namely Quarterly Fees is "beyond the realm of reasonable. . ."(Motion at Para. 10 p. 5 of 8). The UST expects that the debtors will also argue that the increase in Quarterly Fees under the Bankruptcy Judgeship Act is not fair and that the fees should be frozen at the same level that existed

11

upon Plan confirmation.   This argument is not new. In 1996, Congress amended 28 U.S.C. § 1930(a)(6) to require payment of post-confirmation Quarterly Fees based on post-confirmation disbursements until the case is converted or dismissed.   The 1996 amendments to section 1930(a)(6) affected all Chapter 11 debtors, not just debtors with disbursements of $1 million or more as set forth under the Bankruptcy Judgeship Act.   In response to the 1996 amendments, many debtors with confirmed plans requested equitable relief from the statute.

23.    Such arguments have no more merit today than they did 22 years ago. The Court cannot excuse the payment of statutory Quarterly Fees on equitable grounds. Equitable considerations can never be used to circumvent the clear intent of Congress as embodied in the plain language of a statute.[6]   *See Law v. Siegel*, 571 U.S. 415, 421 (2014); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 300 (3d Cir. 1994); *United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994);   *see also In re Kroy (Europe) Ltd.*, 244 B.R. 816, 819 (D. Ariz. 2000) ("[T]here is no language in section 1930(a)(6) indicating that Congress intended to create an "inequitable" exception to payment of [quarterly] fees.").

24.    Courts have acknowledged that, whether or not they agree with 28 U.S.C. § 1930(a)(6) as drafted, they have no discretion to alter the statutory fees owed in a particular case. *See, e.g.*, *Jorgenson v. Schwartz (In re Wilko Mach., Inc.)*, No. 97-55937,

---

6  Nor is the new legislation particularly inequitable.   The UST acknowledges that the maximum Quarterly Fee under the Bankruptcy Judgeship Act increased from $30,000 to $250,000.   For these debtors this amount is less than 0.4% of their quarterly disbursements which average approximately $65,000,000 per quarter.   By contrast, a small chapter 11 debtor making $15,000 in quarterly disbursements pays a quarterly fee of $650 under the longstanding fee schedule, which represents 4.3% of its total expenditures.

1999 WL 77963 at *1 (9th Cir. 1999) ("The statute mandates quarterly payments in a Chapter 11 case to the U.S. Trustee, and the bankruptcy court does not have discretion to disallow or modify the debtor's obligation to pay these fees."); *Office of the U.S. Trustee v. Hays Builders, Inc. (In re Hays Builders, Inc.)*, 144 B.R. 778, 779-80 (W.D. Tenn. 1992) (stating that statutory fees are "not subject to the court's discretion in determining what is 'reasonable'"); *In re Central Copters, Inc.*, 226 B.R. 447, 451 (Bankr. D. Mont. 1998) ("[T]he U.S. Trustee's fee under § 1930(a)(6) . . . is fixed and not subject to the court's discretion."); *In re Meyer*, 187 B.R. 650, 653 (Bankr. W.D. Mo. 1995) ("[T]his Court has no discretion to modify or disallow the UST's quarterly fees [.]").

25.    The plain meaning of 28 U.S.C. § 1930(a)(6) must be applied in every situation, even when another interpretation might seem more equitable.    *See, e.g., In re Danny's Mkts., Inc.*, 266 F.3d at 526 ("Congress nevertheless could have – and … perhaps even should have declined to maximize the potential revenue [§1930(a)(6)] might generate, but there is unfortunately no indication of any such benevolence or restraint on its part."); *In re Jamko, Inc.*, 240 F.3d 1312, 1316 n.6 (adopting broad interpretation of § 1930(a)(6) even though it "could jeopardize the success of the very entities that the Chapter 11 process was intended to benefit, because creditors receive less when the UST receives more," because, "[i]f change is necessary, it is a consideration for Congress, not the courts.").

26.    The purpose of 28 U.S.C. § 1930(a)(6) and amendments thereto is to ensure that there is sufficient money in the United States Trustee System Fund to fund the United States Trustee Program's operations. *See, e.g.,* *In re Quality Truck & Diesel*

13

*Injection Serv., Inc.,* 251 B.R. 682, 688 (S.D.W. Va. 2000)("In enacting [§ 1930(a)(6)], Congress struck what it considered to be a proper balance so as to provide necessary funds for the operations of the United States Trustee Program."); *In re Maruko, Inc.*, 219 B.R. 567, 572 (S.D. Cal. 1998) ("[T]he history of § 1930(a)(6) indicates that it was intended to help the U.S. Trustee fund its own operations through the use of quarterly fees. When Congress amended this section, it intended to expand the revenue gaining capability of the U.S. Trustee."). The Bankruptcy Judgeship Act also funded several bankruptcy judgeships and extended some temporary judgeships. As a revenue statute, 28 U.S.C. § 1930(a)(6) must be interpreted so as to maximize the amount collected. *See, e.g.*, *United States Trustee v. Ste-Bri Enters., Inc.*, 579 B.R. 448, at 455 n.5 (N.D. Ohio 2017) ("As a revenue generating measure, [§ 1930(a)(6)] should be interpreted in a way that maximizes revenues."); *In re Hess' Sons, Inc.*, 218 B.R. 354, 360 (Bankr. D. Md. 1998) (holding that, as a revenue-generating mechanism, § 1930(a)(6) should be construed so as to maximize revenues).

27. The Court must presume that Congress took all relevant policy considerations into account when it amended section 1930(a)(6). If Congress intended that the amendments under the Bankruptcy Judgeship Act would narrow the definition of the term disbursements, it would have included such language in the statute. A presumption exists in the law that Congress is aware of prior judicial and administrative interpretations of statutory terms. *Lorilland v. Pons,* 434 U.S. 575, 580 (1978); *See also Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 211 (1988). Consequently, Congress is presumed to be aware of the broad construction afforded the term "disbursements"

14

prior to amending 28 U.S.C. 1930(a)(6) and enacting the Bankruptcy Judgeship Act. Thus, the Court does not have authority or discretion to waive or alter the statutory Quarterly Fees established by Congress. *See In re Genesis Health Ventures, Inc.*, 402 F.3d 416, 422 (3d Cir. 2005) ("While the result increases several fold the quarterly fees the Debtors owe, any remedy is for Congress to fashion and not our Court.").

### III.     The Court should not apportion the payment of Quarterly Fees.

28.     In the last sentence of paragraph 17 of the Motion, the debtors, citing *In re R & K Fabricating, Inc.*,[7] suggest that the Quarterly Fees should be apportioned to the entity or entities for whose benefit the cases are held open.   The debtors do not list other entities or request any specific apportionment.   The UST expects that the debtors may ask the Court to order an apportionment of the Quarterly Fees.   Presumably this is yet another effort by the debtors to limit the Quarterly Fees to something other than a percentage of all disbursements by for example asking the Court to rule the Unsecured Creditors' Trust is responsible to pay Quarterly Fees since its activities are causing the cases to remain open.   First, the Court should deny such a request as yet another attempt to achieve what the debtors consider a more equitable result rather than proper application of a statutory fee.   Second, the Court should not relieve or adjust the debtors' obligation to pay Quarterly Fees because the Plan is clear:   "each of the Reorganized

---

7  Judge Isgur, in *R & K Fabricating*, does not impose apportionment of the Quarterly Fees on other entities.   Rather, the disbursing agent consented to pay the quarterly fees if he prevailed in a pending adversary.   *Id.* at 2013 Bankr. LEXIS 4115, p. 10.

Debtors will be responsible for paying post-effective date quarterly fees under 28 U.S.C. §1930(a)(6)." (Docket No. 2576 page 15 of 119 paragraph 17). Third, the relief the debtors now appear to seek is contrary to the statute and an impermissible post confirmation modification of a substantially consummated plan. 11 U.S.C. § 1127(b). Plan. Moreover, the Court should view this request for relief in the context of the debtors' companion motion for a final decree. (Docket No. 3798). The UST opposes any relief that releases the debtors from the obligation to pay all due and owing Quarterly Fees.

WHEREFORE, upon the premises considered the UST asks that the Court deny the Motion and for such other and further relief to which he may be entitled.

Respectfully submitted,

HENRY G. HOBBS, JR.
ACTING UNITED STATES TRUSTEE
REGION 7
Southern and Western Districts of Texas

By:____/s/ James W. Rose, Jr._____
JAMES W. ROSE, JR.
TRIAL ATTORNEY
Texas Bar No. 17251900
615 E. Houston, Rm 533
P.O. Box 1539
San Antonio, Texas 78295-1539
(210) 472-4640
(210) 472-4649 Fax
Email: James.Rose@usdoj.gov

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties on the attached Service List by United States Mail, first class, postage prepaid and/or by electronic means for all Pacer system participants on the 2nd day of August, 2018.

 /s/ James W. Rose, Jr.              
James W. Rose, Jr.

### LIMITED SERVICE LIST

### In re Buffets, LLC, et al.

### Case No. 16-50557-rbk

### as of July 11, 2018

07/11/2018

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

CHRISTOPHER GAGE AND HEATHER GAGE
FULLER SANDEFER AND ASSOCIATES IAN SANDEFER
242 SOUTH GRANT ST
CASPER WY 82601
Fax: 3072652859

VAN EERDEN DISTRIBUTION CO
ITS REGISTERED AGENT TRACY CHRISTIAN
650 IONIA AVE SW
GRAND RAPIDS MI 49503
Phone: 6164750900
Fax: 6164750990

VAN EERDEN DISTRIBUTION CO
PO BOX 3110
GRAND RAPIDS MI 49501-3110

CALIFORNIA STATE TAX COLLECTOR
1010 10TH ST PO BOX 859
MODESTO CA 95353

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

POCONO PROFOODS
POCONO PRODUCE CO INC
RT 191 AND CHIPPERFIELD DR
STROUDSBURG PA 18360

POCONO PROFOODS
POCONO PRODUCE CO INC TERRENCE B SNYDER
RT 191 AND CHIPPERFIELD DR
STROUDSBURG PA 18360
Phone: 5704214990
Fax: 5704245790

POCONO PROFOODS
PO BOX 669
STROUDSBURG PA 18360

SALADINOS INC
ITS REGISTERED AGENT CRAIG SALADINO
3325 W FIGARDEN DR
FRESNO CA 93711
Phone: 5592713700
Fax: 5592713701

## EXHIBIT A

**LIMITED SERVICE LIST**

**In re Buffets, LLC, et al.**

**Case No. 16-50557-rbk**

**as of July 11, 2018**

07/11/2018

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

SALADINOS INC
4397 N GOLDEN STATE BLVD
FRESNO CA 93722

SALADINOS INC
PO BOX 12266
FRESNO CA 93777-2266

ORACLE CORP
ITS REG AGENT CORP SVCS CO
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO CA 95833

ORACLE
KYLE M ZIPES ESQ
500 ORACLE PKWY 5OP764
REDWOOD SHORES CA 94065
Phone: 6505060237
Email: KYLE.ZIPES@ORACLE.COM

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

GENERAL MILLS
JIM VAUGHAN NAT ACCT MGR
1 GENERAL MILLS BLVD
MINNEAPOLIS MN 55426
Phone: 7634208766
Email: JIM.VAUGHAN@GENMILLS.COM

MICROS
KYLE M ZIPES ESQ
500 ORACLE PKWY 5OP764
REDWOOD SHORES CA 94065
Phone: 6505060237
Email: KYLE.ZIPES@ORACLE.COM

BRYCE KING
1099 DUFFER CIR
NORTH SALT LAKE UT 84054

HAAG FOOD SVCS INC
ITS REG AGENT JACK GARCIA
300 HAAG ST PO BOX 348
BREESE IL 62230
Phone: 6185267120
Fax: 6185262802

**EXHIBIT A**

07/11/2018

## LIMITED SERVICE LIST

### In re Buffets, LLC, et al.

### Case No. 16-50557-rbk

### as of July 11, 2018

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

HAAG FOOD SVCS INC
JACK E GARCIA PRESIDENT
71 N 12TH ST
BREESE IL 62230

HAAG FOOD SVCS INC
PO BOX 4520
CAROL STREAM IL 60197-4520

REALTY INCOME CORP
ITS REG AGENT CORP SVCS CO
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO CA 95833

REALTY INCOME CORP
KIRK R CARSON
11995 EL CAMINO REAL
SAN DIEGO CA 92130
Phone: 8003756700

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

ARC PROPERTIES PARTNERSHIP LP
NKA VEREIT OPERATING PARTNERSHIP LP
THE CORPORATION TRUST CO
1209 ORANGE ST CORP TRUST CTR
WILMINGTON DE 19801

ARC PROPERTIES PARTNERSHIP LP
VEREIT
2325 EAST CAMELBACK RD STE 1100
PHOENIX AZ 85016

WINDSTREAM
ITS REG AGENT THE CORP CO
124 WEST CAPITOL AVE STE 1900
LITTLE ROCK AR 72201

WINDSTREAM
BEN KENT
4001 RODNEY PARHAM RD
LITTLE ROCK AR 72212
Fax: 9186646876

## EXHIBIT A

16-50557-rbk Doc#3799-1 Filed 07/12/18 Entered 07/12/18 17:13:40 Exhibit A Pg 4 of 21

## LIMITED SERVICE LIST

## In re Buffets, LLC, et al.

## Case No. 16-50557-rbk

## as of July 11, 2018

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

BERTA MARTIN DEL CAMPO
BOUCHER, LLP
SHEHNAZ M. BHUJWALA, ESQ.
21600 OXNARD ST
STE 600
WOODLAND HILLS CA 91367
Phone: 8183405400
Fax: 8183405401

GALLAGHER BASSET SVCS INC
CFO
2850 GOLF RD STE 1000
ROLLING MDWS IL 60008-4036

GALLAGHER BASSET SVCS INC
ARTHER J GALLAGHER AND CO GEN COUNSEL
2850 GOLF RD STE 1000
ROLLING MDWS IL 60008-4036
Fax: 6302854000

GALLAGHER BASSET SVCS INC
ITS REG AGENT PRENTICE HALL CORP
801 ADLAI STEVENSON DR
SPRINGFIELD IL 62703

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

SYSCO FOOD SVCS
1390 ENCLAVE PKWY
HOUSTON TX 77077
Fax: 8585137253

SYSCO FOOD SVCS
ITS REG AGENT CORP SERVICE CO
2711 CENTERVILLE RD STE 400
WILMINGTON DE 19808

SYSCO FOOD SVCS
PO BOX 509101
SAN DIEGO CA 92150-9101

COLE BU PORTFOLIO II LLC
ITS REG AGENT THE CORP TRUST CO
1209 ORANGE ST CORPORATION TRUST CTR
WILMINGTON DE 19801

**EXHIBIT A**

07/11/2018

## LIMITED SERVICE LIST

## In re Buffets, LLC, et al.

## Case No. 16-50557-rbk

## as of July 11, 2018

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

COLE BU PORTFOLIO II LLC
VEREIT
2325 EAST CAMELBACK RD STE 1100
PHOENIX AZ 85016

SPIRIT MASTER FUNDING VII LLC
PORTFOLIO SERVICING
16767 N PERIMETER DR
SCOTTSDALE AZ 85260

SPIRIT MASTER FUNDING VII LLC
ITS REG AGENT THE CORP TRUST CO
1209 ORANGE ST CORPORATION TRUST CTR
WILMINGTON DE 19801

FOOD SVCS OF AMERICA
ITS REG AGENT CT CORP SYSTEM
388 STATE ST STE 420
SALEM OR 97301

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

FOOD SVCS OF AMERICA
PO BOX 25109
SCOTTSDALE AZ 85255

FOOD SVCS OF AMERICA
16100 N 71ST ST STE 400
SCOTTSDALE AZ 85254
Fax: 4809274299

FOOD SVCS OF AMERICA
PO BOX 3929
PORTLAND OR 97208

ADP
LEGAL DEPT
ONE ADP BLVD
ROSELAND NJ 07068

## EXHIBIT A

07/11/2018

## LIMITED SERVICE LIST

### In re Buffets, LLC, et al.

### Case No. 16-50557-rbk

### as of July 11, 2018

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

ADP
ITS REG AGENT THE CORP TRUST CO
1209 ORANGE ST CORPORATION TRUST CTR
WILMINGTON DE 19801

ADP
MARY C DEYOUNG GEN COUNSEL
ONE ADP BLVD
ROSELAND NJ 07068
Phone: 9739745692
Email: MARY.C.DEYOUNG@ADP.COM

ADP
5800 WINDWARD PKWY
ALPHARETTA GA 30005

ILLINOIS STATE
OFFICE OF THE STATE FIRE MARSH
1035 STEVENSON DR
SPRINGFIELD IL 62703-4259
Phone: 2177850969
Fax: 2177821062

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

MISSOURI STATE DEPT OF REVENUE
301 WEST HIGH ST PO BOX 155
JEFFERSON CITY MO 65105-0155
Email: TXWDECF@DOR.MO.GOV

SUNRISE PRODUCE
LOEWY ENTERPRISES REG AGENT AL AVILA
PO BOX 6435
PINE MTN CLB CA 93222-6435

SUNRISE PRODUCE
500 BURNING TREE RD
FULLERTON CA 92833
Fax: 3235825222
Email: CUSTOMERSERVICE@SUNRISEPRODUCE.COM

OHIO STATE
OHIO DEPT OF TAXATION
PO BOX 2476
COLUMBUS OH 43266-0076
Fax: 6143871847

## EXHIBIT A

**LIMITED SERVICE LIST**

**In re Buffets, LLC, et al.**

**Case No. 16-50557-rbk**

**as of July 11, 2018**

07/11/2018

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

PENNSYLVANIA STATE DEPT OF REVENUE
DEPT 280421
HARRISBURG PA 17128-0421

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

ICEE COMPANY
1205 DUPONT AVE
ONTARIO CA 91761
Phone: 8008744233
Email: CONTACTICEE@ICEE.COM

SOUTH CAROLINA STATE
UNCLAIMED PROPERTY PROGRAM
PO BOX 11778
COLUMBIA SC 29211
Fax: 8037342668

MINNESOTA STATE SECRETARY OF STATE
60 EMPIRE DR STE 100
ST PAUL MN 55103

NEW YORK STATE DEPT OF STATE
41 STATE ST
ALBANY NY 12231

ALABAMA STATE DEPT REVENUE
CORP INCOME TAX
PO BOX 327430
MONTGOMERY AL 36132-7430
Fax: 3343538046

ICEE COMPANY
ITS REG AGENT CT CORP SYSTEM
818 WEST SEVENTH ST STE 930
LOS ANGELES CA 90017

CHRISTOPHER GAGE AND HEATHER GAGE
ROBERT PAHLKE LAW GROUP K. LONG & R. PAHLKE
2425 CIRCLE DRIVE, SUITE 200
SCOTTSBLUFF NE 69363

**EXHIBIT A**

07/11/2018

**LIMITED SERVICE LIST**

**In re Buffets, LLC, et al.**

**Case No. 16-50557-rbk**

**as of July 11, 2018**

**CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS**

BERTA MARTIN DEL CAMPO
LAW OFFICES OF SAHAG MAJARIAN S MAJARIAN II
18250 VENTURA BLVD
TARZANA CA 91356
Fax: 8186090892

**DEBTORS' COUNSEL**

AKERMAN LLP
ANDREA HARTLEY, ESTHER A. MCKEAN
AMY M. LEITCH
THREE BRICKELL CITY CENTRE
98 SOUTHEAST SEVENTH ST
MIAMI FL 33131
Phone: 3053745600
Fax: 3053745095
Email: ANDREA.HARTLEY@AKERMAN.COM
        ESTHER.MCKEAN@AKERMAN.COM
        AMY.LEITCH@AKERMAN.COM

**DEBTOR**

BUFFET, LLC; HOMETOWN BUFFET, INC;
OCB RESTAURANT COMPANY, LLC;
OCB PURCHASING CO.; RYAN'S RESTAURANT GROUP, LLC;
FIRE MOUNTAIN RESTAURANTS, LLC; TAHOE JOE'S INC.
C/O ADELE WANG
120 CHULA VISTA DR
HOLLYWOOD PARK TX 78232

OGLETREE DEAKINS NASH SMOAK & STEWART PC
TIFFANY L COX
RAVEN R APPLEBAUM
112 E PECAN ST
2700 WESTON CENTRE
SAN ANTONIO TX 78205
Phone: 2103541300
Fax: 2102772702
Email: TIFFANY.COX@OGLETREE.COM
        RAVEN.APPLEBAUM@OGLETREE.COM

**DEBTORS' COUNSEL**

AKERMAN LLP
DAVID W. PARHAM
JOHN E. MITCHELL
2001 ROSS AVE STE 2550
DALLAS TX 75201
Phone: 2147204300
Fax: 2149819339
Email: DAVID.PARHAM@AKERMAN.COM
        JOHN.MITCHELL@AKERMAN.COM

**GOVERNMENTAL AGENCIES**

INTERNAL REVENUE SVCS
PO BOX 7346
PHILADELPHIA PA 19101-7346

**EXHIBIT A**

07/11/2018

### LIMITED SERVICE LIST
### In re Buffets, LLC, et al.
### Case No. 16-50557-rbk
### as of July 11, 2018

**GOVERNMENTAL AGENCIES**

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

UNITED STATES ATTORNEY
601 N W LOOP 410 STE 600
SAN ANTONIO TX 78216

SYSCO KNOXVILLE AND SYSCO CENTRAL CA
ARNALL GOLDEN ET AL D S LADDIN
171 17TH ST NW STE 2100
ATLANTA GA 30363-1031
Phone: 4048738500
Fax: 4048738501
Email: DARRYL.LADDIN@AGG.COM
      FRANK.WHITE@AGG.COM

UNITED STATES TRUSTEE
JAMES W. ROSE, JR., ESQ.
TRIAL ATTORNEY WITH THE U.S. TRUSTEE'S OFFICE
615 E HOUSTON ROOM 533
SAN ANTONIO TX 78205
Fax: 2104724649

LINEBARGER GOGGAN BLAIR SAMPSON LLP
ELIZABETH WELLER
2777 N STEMMONS FREEWAY - STE 100
DALLAS TX 75207
Phone: 2148800089
Fax: 4692215003
Email: DALLAS.BANKRUPTCY@PUBLICANS.COM

TEXAS WORKFORCE COMMISSION
101 EAST 15TH ST
AUSTIN TX 78778

KELLEY DRYE & WARREN LLP
ROBERT L LEHANE
101 PARK AVE 27TH FL
NEW YORK NY 10178
Phone: 2128087800
Fax: 2128087897
Email: RLEHANE@KELLEYDRYE.COM

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

INLAND AND RPAI
MENTER RUDIN ET AL K M NEWMAN
308 MALTBIE ST STE 200
SYRACUSE NY 13204-1439
Phone: 3154747541
Fax: 3154744040
Email: KNEWMAN@MENTERLAW.COM

WESTFIELD LLC AND WESTLAND SOUTH SHORE MALL LP
LECLAIRRYAN PC NICLAS FERLAND
545 LONG WHARF DR 9TH FL
NEW HAVEN CT 06511
Phone: 2036723211
Fax: 2036723232
Email: NICLAS.FERLAND@LECLAIRRYAN.COM

**EXHIBIT A**

### LIMITED SERVICE LIST
### In re Buffets, LLC, et al.
### Case No. 16-50557-rbk
### as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

GGP LP AS AGENT
KRISTEN N PATE
110 N WACKER DR
CHICAGO IL 60606
Phone: 3129602940
Fax: 3124426374
Email: GGPBK@GGP.COM

KAPLIN STEWART MELOFF REITER STEIN, PC
WILLIAM J LEVANT, ESQ.
910 HARVEST DRIVE - 2ND FL
POST OFFICE BOX 3037
BLUE BELL PA 19422
Phone: 6109412474
Fax: 6106842020
Email: WLEVANT@KAPLAW.COM

SPIRIT MASTER FUNDING V LLC
BALLARD SPAHR LLP C S GANZ
1 EAST WASHINGTON ST STE 2300
PHOENIX AZ 85004-2555
Phone: 6027985427
Fax: 6027985595
Email: GANZC@BALLARDSPAHR.COM

CAFARO MGMT COMPANY
RICHARD T DAVIS
2445 BELMONT AVE
PO BOX 2186
YOUNGSTOWN OH 44504-0186
Phone: 3307472661

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

COMMUNITY BANK OF RAYMORE
LATHROP AND GAGE LLP S B SUTTON
2345 GRAND BLVD STE 2400
KANSAS CITY MO 64108
Phone: 8162922000
Fax: 8162922001
Email: SSUTTON@LATHROPGAGE.COM

RAMCO GERSHENSON PROP/MINGES CREEK
CLARK HILL PLC DAVID BLAU
151 S OLD WOODWARD AVE STE 200
BIRMINGHAM MI 48009
Phone: 2489881817
Fax: 2489882336
Email: DBLAU@CLARKHILL.COM

TX COMPTROLLER OF PUBLIC ACCOUNTS
JOHN M STERN ASST ATTNY GENERAL
BANKR AND COLLECTIONS DIV MC 008
PO BOX 12548
AUSTIN TX 78711-2548
Email: JOHN.STERN@TEXASATTORNEYGENERAL.GOV

TRAINOR FAIRBROOK
JENNIFER L PRUSKI, ESQ.
PO BOX 255824
SACRAMENTO CA 95865
Phone: 9169297000
Fax: 9169297111
Email: JPRUSKI@TRAINORFAIRBROOK.COM

## EXHIBIT A

16-50557-rbk Doc#3921 Filed 08/02/18 Entered 08/02/18 13:17:17 Main Document Pg 28 of 38
16-50557-rbk Doc#3799-1 Filed 07/11/18 Entered 07/11/18 17:41:40 Exhibit A Pg 11 of 23
07/11/2018

## LIMITED SERVICE LIST

## In re Buffets, LLC, et al.

## Case No. 16-50557-rbk

## as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

DYKEMA COX SMITH
DEBORAH D WILLIAMSON
112 E PECAN ST. STE 1800
SAN ANTONIO TX 78205
Phone: 2105545500
Fax: 2102268395
Email: DWILLIAMSON@DYKEMA.COM

DYKEMA COX SMITH
PATRICK L HUFFSTICKLER
112 E PECAN ST. STE 1800
SAN ANTONIO TX 78205
Phone: 2105545500
Fax: 2102268395
Email: PHUFFSTICKLER@DYKEMA.COM

DYKEMA COX SMITH
MARK E ANDREWS
1717 MAIN STREET
SUITE 4200
DALLAS TX 75201
Phone: 2144626400
Fax: 2144626401
Email: MANDREWS@DYKEMA.COM

KOHNER, MANN & KAILAS, S.C.
SAMUEL C WISOTZKEY
4650 N PORT WASHINGTON RD
BARNABAS BUSINESS CENTER
MILWAUKEE WI 53212-1059
Phone: 4149625110
Fax: 4149628725
Email: SWISOTZKEY@KMKSC.COM

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

BALLARD SPAHR, LLP
DAVID L POLLACK
1735 MARKET ST, 51ST FL
PHILADELPHIA PA 19103
Phone: 2158648325
Fax: 6027985595
Email: POLLACK@BALLARDSPAHR.COM

MARTIN & DROUGHT, PC
MICHAEL G COLVARD
2500 BANK OF AMERICA PLZ
300 CONVENT ST
SAN ANTONIO TX 78205-3789
Phone: 2102277591
Fax: 2102277924
Email: MCOLVARD@MDTLAW.COM

MCCARRON & DIESS
GREGORY BROWN
707 WALT WHITMAN RD, 2ND FL
MELLVILLE NY 11747
Phone: 6314258110
Fax: 6314258112
Email: GBROWN@MCCARRONLAW.COM

SHERMAN & YAQUINTO LLP
ROBERT YAQUINTO JR
509 N MONTCLAIR AVE
DALLAS TX 75208
Phone: 2149425502
Fax: 2149467601
Email: RYAQUINTO@SYLLP.COM

## EXHIBIT A

16-50557-rbk Doc#3821 Filed 08/02/18 Entered 08/02/18 13:17:14 Main Document Pg 29 of 38
16-50557-rbk Doc#3799-1 Filed 07/11/18 Entered 07/11/18 13:17:14 Exhibit A Pg 12 of 21
07/11/2018

## LIMITED SERVICE LIST
## In re Buffets, LLC, et al.
## Case No. 16-50557-rbk
## as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

WRI-URS CLACKAMAS, LLC
WEINGARTEN REALTY INV J J HYUN
2600 CITADEL PLAZA DR STE 125
HOUSTON TX 77008
Phone: 7138666057
Fax: 7138806146
Email: BANKRUPTCYCASES@WEINGARTEN.COM

COLE BU PORTFOLIO II AND ARC DBPPROP001
LANGLEY AND BANACK INC R G AYERS JR
TRINITY PLAZA II NINTH FL
745 EAST MULBERRY
SAN ANTONIO TX 78212-3166
Phone: 2107366600
Fax: 2107356889
Email: GAYERS@LANGLEYBANACK.COM
        DGRAGG@LANGLEYBANACK.COM

EDWARD DON AND CO
THOMPSON COBURN LLP L NEWMAN
55 EAST MONROE STE 3700
CHICAGO IL 60603
Phone: 3125802328
Fax: 3125802201
Email: LNEWMAN@THOMPSONCOBURN.COM

KIMCO REALTY CORP
MORGAN LEWIS ET AL C R AXELROD
1000 LOUISIANA ST STE 4000
HOUSTON TX 77002
Phone: 7138905171
Fax: 7138905001
Email: CRYSTAL.AXELROD@MORGANLEWIS.COM

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

KIMCO REALTY CORP
MORGAN LEWIS ET AL N E HERMAN
101 PARK AVENUE
NEW YORK NY 10178-0600
Phone: 2123096669
Fax: 2123096001
Email: NEIL.HERMAN@MORGANLEWIS.COM

LINEBARGER GOGGAN BLAIR SAMPSON LLP
JOHN P DILLMAN
PO BOX 3064
HOUSTON TX 77253-3064
Phone: 7138443400
Fax: 7138443503
Email: HOUSTON_BANKRUPTCY@PUBLICANS.COM

BLUE CROSS BLUE SHIELD OF SC
ROBINSON MCFADDEN ET AL R W METZGER JR
PO BOX 944
COLUMBIA SC 29202
Phone: 8037798900
Fax: 8032520724
Email: BMETZGER@ROBINSONLAW.COM

BIG DOLPHIN LLC
KEMP SMITH LLP J W BREWER
PO DRAWER 2800
EL PASO TX 79999-2800
Phone: 9155334424
Fax: 9155465360
Email: JBREWER@KEMPSMITH.COM

**EXHIBIT A**

## LIMITED SERVICE LIST

## In re Buffets, LLC, et al.

## Case No. 16-50557-rbk

## as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

ROIC CALIFORNIA AND PINOLE VISTA
DUNN CARNEY ET AL K S ANTELL
851 SW SIXTH AVE
PORTLAND OR 97204
Email: KANTELL@DUNNCARNEY.COM

VISALIA PROPERTY PARTNERSHIP
LAW OFFICES OF RICHARD W. LABOWE PC
1631 W BEVERLY BLVD 2ND FL
PO BOX 26428
LOS ANGELES CA 90026
Phone: 2132509800
Fax: 2139751145
Email: RICHARDWLABOWE@GMAIL.COM

FAIR CITY HHH LLC
RUBEN HORAN PC MAURA HORAN
249 PEARL ST 3RD FL
HARTFORD CT 06103
Phone: 8602756889
Fax: 8602756884
Email: MHORAN@RUBENHORAN.COM

LA HABRA ASSOCIATES LLC
FRIEDMAN LAW GROUP J B FRIEDMAN
1900 AVE OF THE STARS 11TH FL
LOS ANGELES CA 90067
Phone: 3105528210
Fax: 3107335442

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

WELLS FARGO BANK NA
WARREN DRUGAN ET AL R L BARROWS
800 BROADWAY
SAN ANTONIO TX 78215

PLACER COUNTY
GAYLE STROM
OFFICE OF THE TREASURER-TAX COLLECTOR
2976 RICHARDSON DR
AUBURN CA 95603
Phone: 5308894129
Fax: 5308894123

THE COCA-COLA COMPANY
DLA PIPER LLP US M J FRIEDMAN
6225 SMITH AVE
BALTIMORE MD 21209-3600
Phone: 4105803000
Fax: 4105803001
Email: MARK.FRIEDMAN@DLAPIPER.COM

CITY OF EL PASO
LINEBARGER GOGGAN ET AL D STECKER
711 NAVARRO ST STE 300
SAN ANTONIO TX 78205
Phone: 2102256763
Fax: 2102256410
Email: SANANTONIO.BANKRUPTCY@PUBLICANS.COM

## EXHIBIT A

## LIMITED SERVICE LIST

## In re Buffets, LLC, et al.

## Case No. 16-50557-rbk

## as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

ORACLE AMERICA INC
BUCHALTER NEMER PC S M CHRISTIANSON
55 SECOND ST 17TH FL
SAN FRANCISCO CA 94105-3493
Phone: 4152270900
Fax: 4152270770
Email: SCHRISTIANSON@BUCHALTER.COM

GREENBERG TRAURIG LLP
DAVID KURZWEIL AND JOHN ELROD
TERMINUS 200
3333 PIEDMONT RD NE STE 2500
ATLANTA GA 30305
Phone: 6785532100
Fax: 6785532269
Email: KURZWEILD@GTLAW.COM
    ELRODJ@GTLAW.COM

GREENBERG TRAURIG LLP
SHARI HEYEN AND DAVID EASTLAKE
1000 LOUISIANA STE 1700
HOUSTON TX 77002
Phone: 7133743500
Fax: 7133743505
Email: HEYENS@GTLAW.COM
    EASTLAKED@GTLAW.COM

GENERAL MILLS INC
BARNES AND THORNBURG C A LAHN
2800 CAPELLA TOWER
225 S SIXTH ST
MINNEAPOLIS MN 55402-4662
Phone: 6123332111
Fax: 6123336798
Email: CONNIE.LAHN@BTLAW.COM

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

GENERAL MILLS INC
BARNES AND THORNBURG R J URBANIK
2100 MCKINNEY AVE STE 1250
DALLAS TX 75201-6908
Phone: 2142584131
Fax: 2142584199
Email: RURBANIK@BTLAW.COM

BRINK'S US
CAVAZOS HENDRICKS ET AL L A VARGAS
FOUNDERS SQUARE
900 JACKSON ST STE 570
DALLAS TX 75202
Phone: 2145737344
Fax: 2145737399
Email: LVARGAS@CHFIRM.COM

EARTHLINK LLC
MUNSCH HARDT ET AL J H ONG
303 COLORADO ST STE 2600
AUSTIN TX 78701-4071
Phone: 5123916100
Fax: 5123916149
Email: JONG@MUNSCH.COM

MIDTOWN NATIONAL GROUP LP
BLANCHARD KRASNER ET AL R BLANCHARD
800 SILVERADO ST 2ND FL
LA JOLLA CA 92037
Phone: 8585512440
Fax: 8585512434
Email: BBLANCHARD@BKFLAW.COM
    JWHITTEMORE@BKFLAW.COM

## EXHIBIT A

16-50557-rbk Doc#3921 Filed 08/02/18 Entered 08/02/18 13:17:17 Main Document Pg 22 of 38
16-50557-rbk Doc#3799-1 Filed 07/12/18 Entered 07/12/18 13:41:40 Exhibit A Pg 15 of 22

07/11/2018

## LIMITED SERVICE LIST
## In re Buffets, LLC, et al.
## Case No. 16-50557-rbk
## as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

PLAZA 205 GRF2 LLC
PROCOPIO CORY ET AL G P KENNEDY
525 B ST STE 2200
SAN DIEGO CA 92101
Phone: 6192381900
Email: GERALD.KENNEDY@PROCOPIO.COM

BUNCH CARESOLUTIONS LLC
SINGER AND LEVICK PC M E SHRIRO
16200 ADDISON RD STE 140
ADDISON TX 75001
Phone: 9723805533
Fax: 9723805748
Email: MSHRIRO@SINGERLEVICK.COM

BULLSEYE TELECOM INC
JULIE KNIGHT
25925 TELEGRAPH RD STE 210
SOUTHFIELD MI 48033
Phone: 2487842591
Email: JKNIGHT@BULLSEYETELECOM.COM

MULVANEY BARRY BEATTY LINN ET AL.,
KELLY ANN TRAN
401 WEST A STREET, 17TH FLOOR
SAN DIEGO CA 92101
Phone: 6192381010
Fax: 6192381981
Email: KTRAN@MULVANEYBARRY.COM

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

WELLS FARGO VENDOR FIN SRVS FKA GE CAPITAL
C/O RICOH USA PROGRAM, FKA IKON FIN SRVS
CHRISTINE ETHERIDGE BANKR ADMIN
1738 BASS RD
PO BOX 13708
MACON GA 31208-3708
Phone: 8004806513

PRIORITY SIGN INC
RICE BUSINESS LAW S G RICE
101 FALLS RD STE 601
GRAFTON WI 53024

LANDSBERG LAW APC
IAN S LANDSBERG
9300 WILSHIRE BLVD STE 565
BEVERLY HILLS CA 90212-3236
Phone: 3104092228
Fax: 3104092380
Email: IAN@LANDSBERG-LAW.COM

NED AND CONNIE THOMPSON
ALLEN BARNES AND JONES PLC M JONES
1850 N CENTRAL AVE STE 1150
PHOENIX AZ 85004
Phone: 6022566000
Fax: 6022524712
Email: MJONES@ALLENBARNESLAW.COM

## EXHIBIT A

## LIMITED SERVICE LIST

## In re Buffets, LLC, et al.

## Case No. 16-50557-rbk

## as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

ORACLE AMERICA INC
STREUSAND LANDON ET AL S STREUSAND
811 BARTON SPRINGS RD STE 811
AUSTIN TX 78704
Fax: 5122369904
Email: STREUSAND@SLOLLP.COM

KERN COUNTY TREASURER AND TAX COLLECTOR
BANKRUPTCY DIV C/O SALINA THOMAS
PO BOX 579
BAKERSFIELD CA 93302-0579
Email: BANKRUPTCY@CO.KERN.CA.US

ROOSEVELT II ASSOCIATES LP
SIRLIN LESSER ET AL DANA PLON
123 S BROAD ST STE 2100
PHILADELPHIA PA 19109
Email: DPLON@SIRLINLAW.COM

CCC FACILITIES
PRYOR AND MANDELUP LLP A GIULIANO
675 OLD COUNTRY RD
WESTBURY NY 11590
Phone: 5169970999
Fax: 5163337333
Email: AFG@PRYORMANDELUP.COM

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

DIRECT ENERGY BUSINESS LLC
EDISON MCDOWELL ET AL R J DUNCAN
1001 FANNIN ST STE 2700
HOUSTON TX 77002-6707
Phone: 7133375580
Fax: 7133378850
Email: PADON.HOLT@EMHLLP.COM
        RANDY.DUNCAN@EMHLLP.COM

GRANITE VILLAGE WEST LP
ALLEN MATKINS ET AL V M COSCINO
1900 MAIN ST FIFTH FL
IRVINE CA 92614-7321
Phone: 9495531313
Fax: 9495538354
Email: VCOSCINO@ALLENMATKINS.COM

FORSONS INVESTMENTS LLC
DUNLAP AND SEEGER PA J C BEATTY
30 3RD ST SE STE 400
PO BOX 549
ROCHESTER MN 55903-0549
Phone: 5072889111

TREASURER OF ARAPAHOE COUNTY
BENJAMIN SWARTZENDRUBER, ESQ.
5334 S. PRINCE ST.
LITTLETON CO 80120-1136
Email: BSWARTZENDRUBER@ARAPAHOEGOV.COM
        WROSSMAN@ARAPAHOEGOV.COM

## EXHIBIT A

## LIMITED SERVICE LIST

## In re Buffets, LLC, et al.

## Case No. 16-50557-rbk

## as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

TYLER INDEPENDENT SCHOOL DISTRICT
PERDUE BRANDON ET AL TAB BEALL
305 S BROADWAY AVE SUITE 200
TYLER TX 75702
Email: TBEALL@PBFCM.COM
       TYLBKC@PBFCM.COM

MAUREEN ADAMS AND DARYL ADAMS
BRANSCOMB PC P H AUTRY
711 NAVARRO ST STE 500
SAN ANTONIO TX 78205
Email: PAUTRY@BRANSCOMBPC.COM

LAUREN SANDOVAL
RICK JENSEN C/O GLEN E GATES
2377 W SHAW AVE STE 101
FRESNO CA 93711
Phone: 5592271100

SIMON PROPERTY GROUP INC
RONALD M TUCKER
225 WEST WASHINGTON ST
INDIANAPOLIS IN 46204

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

DDRM HIGHLAND GROVE/BG BIG FLATS II-III LLC
DDR CORP ERIC COTTON
3300 ENTERPRISE PARKWAY
PO BOX 228042
BEACHWOOD OH 44122
Phone: 2167555500

FROST BROWN TODD LLC
RONALD E GOLD
3300 GREAT AMERICAN TOWER
301 EAST FOURTH ST
CINCINNATI OH 45202
Phone: 5136516800
Fax: 5136516981
Email: RGOLD@FBTLAW.COM

DAVIDSON TROILO ET AL
RICHARD E HETTINGER
601 NW LOOP 410 STE 100
SAN ANTONIO TX 78216
Phone: 2103496484
Fax: 2103490041

FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP
PAUL J PASCUZZI ; JENNIFER E NIEMANN
400 CAPITOL MALL STE 1750
SACRAMENTO CA 95814
Email: PPASCUZZI@FFWPLAW.COM
       JNIEMANN@FFWPLAW.COM

## EXHIBIT A

## LIMITED SERVICE LIST

## In re Buffets, LLC, et al.

## Case No. 16-50557-rbk

## as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

BALLARD SPAHR LLP
DUSTIN P BRANCH
2029 CENTURY PARK EAST STE 800
LOS ANGELES CA 90067-2909
Phone: 4242044400
Fax: 4242044350
Email: BRANCHD@BALLARDSPAHR.COM

KESSLER & COLLINS PC
HOWARD C RUBIN
2100 ROSS AVE STE 750
DALLAS TX 75201
Phone: 2143790722
Fax: 2143734714
Email: HRUBIN@KESSLERCOLLINS.COM

FISHERBROYLES LLP
PATRICIA B FUGEE
27100 OAKMEAD DRIVE #306
PERRYSBURG OH 43551
Phone: 4198740859
Email: PATRICIA.FUGEE@FISHERBROYLES.COM

FISHERBROYLES LLP
H JOSEPH ACOSTA
4514 COLE AVE STE 600
DALLAS TX 75205
Phone: 2146148939
Fax: 2146148992
Email: JOSEPH.ACOSTA@FISHERBROYLES.COM

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

DEPARTMENT OF REVENUE
JAMES L POWELL
P O BOX 22828
JACKSON MS 39225-2828
Phone: 6019237412
Fax: 6019237423
Email: JIM.POWELL@DOR.MS.GOV

MESCH CLARK ROTHSCHILD
DAVID J HINDMAN
259 NORTH MEYER AVE
TUCSON AZ 85701-1090
Phone: 5206248886
Fax: 5207981037
Email: DHINDMAN@MCRAZLAW.COM
ECFBK@MCRAZLAW.COM

NSF INTERNATIONAL
HOWARD AND HOWARD ATTORNEYS PLLC
BRANDON J. WILSON, ESQ.
450 WEST FOURTH ST
ROYAL OAK MI 48067
Phone: 2486451483
Email: BJW@H2LAW.COM

STOEL RIVES LLP
OREN B HAKER
760 SW NINTH AVE STE 3000
PORTLAND OR 97205
Phone: 5032949338
Fax: 5032202480
Email: OREN.HAKER@STOEL.COM

## EXHIBIT A

## LIMITED SERVICE LIST

### In re Buffets, LLC, et al.

### Case No. 16-50557-rbk

### as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

CHERRY PETERSEN LANDRY ALBERT LLP
W TREY R DYER III
8350 N CENTRAL EXPRESSWAY STE 1500
DALLAS TX 75206
Phone: 2142657007
Fax: 2142657008
Email: TDYER@CPLALAW.COM

LAW OFFICES OF MARTIN SEIDLER
MARTIN SEIDLER
ONE ELM PLACE STE E-504
11107 WURZBACH ROAD
SAN ANTONIO TX 78230
Phone: 2106940300
Fax: 2106909886
Email: MARTY@SEIDLERLAW.COM

SC DEPT OF EMPLOYMENT & WORKFORCE
E B 'TREY' MCLEOD III
POST OFFICE BOX 8597
COLUMBIA SC 29202
Phone: 8037373168
Email: TMCLEOD@DEW.SC.GOV

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
IVAN M GOLD
THREE EMBARCADERO CTR 12TH FLOOR
SAN FRANCISCO CA 94111-4074
Phone: 4158371515
Fax: 4152737431
Email: IGOLD@ALLENMATKINS.COM

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

RIVERSIDE COUNTY TAX COLLECTOR
RONAK N PATEL, DEPUTY COUNTY COUNSEL
3960 ORANGE ST STE 500
RIVERSIDE CA 92501
Phone: 9519556300
Fax: 9519556363
Email: RPATEL@RIVCO.ORG

PULMAN CAPPUCCIO ET AL
LESLIE SARA HYMAN
2161 NW MILITARY HIGHWAY, SUITE 400
SAN ANTONIO TX 78213
Phone: 2102229494
Fax: 2108921610
Email: DLOPEZ@PULMANLAW.COM
       LHYMAN@PULMANLAW.COM

WILLKIE FARR & GALLAGHER LLP
JENNIFER J. HARDY, ESQ.
600 TRAVIS ST., SUITE 2310
HOUSTON TX 77002
Phone: 7135101700
Fax: 7135101799
Email: JHARDY2@WILLKIE.COM

WILLKIE FARR & GALLAGHER LLP
MATTHEW FREIMUTH/PAUL SHALHOUB
787 SEVENTH AVENUE
NEW YORK NY 10019
Phone: 2127288000
Fax: 2127288111
Email: MFREIMUTH@WILLKIE.COM
       PSHALHOUB@WILLKIE.COM

## EXHIBIT A

## LIMITED SERVICE LIST
## In re Buffets, LLC, et al.
## Case No. 16-50557-rbk
## as of July 11, 2018

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

STRASBURGER & PRICE LLP
GINA D SHEARER
2600 DALLAS PARKWAY STE 600
FRISCO TX 75034
Phone: 4692873914
Fax: 4692276588
Email: GINA.SHEARER@STRASBURGER.COM

LAW OFFICES OF JUDITH W. ROSS
J. ROSS; E. SODERLAND; J. LEWIS
700 NORTH PEARL ST STE 1610
DALLAS TX 75207
Phone: 2143777879
Fax: 2143779409
Email: JUDITH.ROSS@JUDITHWROSS.COM
       ERIC.SODERLUND@JUDITHWROSS.COM
       JESSICA.LEWIS@JUDITHWROSS.COM

NORTH CAROLINA DEPT OF REVENUE
DAVID D LENNON, ASST ATTORNEY GENERAL
REVENUE SECTION
POST OFFICE BOX 629
RALEIGH NC 27602-0629
Phone: 9197166550
Fax: 9197153550
Email: DLENNON@NCDOJ.GOV

OFFICE OF THE MINNESOTA ATTORNEY GENERAL
ASSISTANT ATTORNEY GENERAL
WENDY S. TIEN
445 MINNESOTA ST STE 900
ST PAUL MN 55101-2127
Phone: 6517571223
Fax: 6512978265
Email: WENDY.TIEN@AG.STATE.MN.US

**INTERESTED PARTIES REQUESTING SERVICE- SERVICE WILL BE BY ECF**

REED SMITH LLP
KURT F GWYNNE;EMILY K DEVAN
1201 N MARKET ST STE 1500
WILMINGTON DE 19801
Phone: 3027787500
Fax: 3027787575
Email: KGWYNNE@REEDSMITH.COM
       EDEVAN@REEDSMITH.COM

CENTURYLINK
MARCY M HERONIMUS, SENIOR CORP COUNSEL
931 14TH ST STE 900
DENVER CO 80202
Phone: 3039925743
Fax: 3033838575
Email: MARCY.HERONIMUS@CENTURYLINK.COM

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS, UNITED STATES TRUSTEE
615 E. HOUSTON ST., ROOM 533
SAN ANTONIO TX 78205

**SECURED CREDITORS**

ALAMO CRG LLC
DYKEMA GOSSETT PLLC MARK E ANDREWS
1717 MAIN ST STE 4200
DALLAS TX 75201
Phone: 2146987819
Fax: 2146987899
Email: MANDREWS@DYKEMA.COM

## EXHIBIT A

## LIMITED SERVICE LIST

## In re Buffets, LLC, et al.

## Case No. 16-50557-rbk

## as of July 11, 2018

**SECURED CREDITORS**

LARRAC INV LLC SERIES L
LARRY HARRIS
120 CHULA VISTA DR
HOLLYWOOD PARK TX 78232
Phone: 2104033725

**SECURED CREDITORS**

FMP SA MANAGEMENT GROUP LLC
JASON KEMP
120 CHULA VISTA
HOLLYWOOD PARK TX 78232

ALL JONES LLC
ALLEN JONES
120 CHULA VISTA DR
HOLLYWOOD PARK TX 78232
Phone: 2104033725

BPTX HOLDINGS LLC
BRIAN PADILLA
120 CHULA VISTA DR
HOLLYWOOD PARK TX 78232
Phone: 2104033725

DAYSPRING OPERATING LLC
JASON KEMP
120 CHULA VISTA DR
HOLLYWOOD PARK TX 78232
Phone: 2104033725

## EXHIBIT A